**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Neko K. DEFTERIOS, Defendant–**
**Appellee.**

No. 02–50592.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 6, 2003.

Filed Sept. 9, 2003.

---

David A. Hoffer, Assistant United States Attorney, Santa Ana, CA, for the plaintiff-appellant.

William S. Harris, South Pasadena, CA, for the defendant-appellee.

Before: NOONAN, TALLMAN, and RAWLINSON, Circuit Judges.

## OPINION

NOONAN, Circuit Judge.

The United States appeals the sentence imposed on Neko Kimon Defterios. Pursuant to a plea agreement, he pleaded guilty to two counts of bank fraud in violation of 18 U.S.C. § 1344. Holding that the district court erred as a matter of law in sentencing him to imprisonment of one month, we reverse the district court and remand for resentencing.

## FACTS AND PROCEEDINGS

Defterios's sentence was affected by his sentence in a 1992 case, the Palos Verdes fraud, proceedings in which antedated the present case. In the 1992 case, Defterios had used false tax returns in 1992 to secure a $950,000 loan to buy a house in Palos Verdes; he defaulted on the loan. On April 4, 1998, he was indicted for loan application fraud in violation of 18 U.S.C. § 1014. On July 30, 1998, pursuant to a plea agreement, he pleaded guilty to count one of the indictment. Sentencing was, unaccountably, delayed. On April 22, 1999, his counsel advised him that the government was investigating "the acquisition of the Haster property," a separate case, and that "[a]lthough it would be a tremendous benefit to you to attempt to 'package' these matters and work out a global resolution, I am disinclined to take on any further obligation until the outstanding balance is reduced." His counsel did nothing more. On May 17, 1999, Defterios was sentenced on the Palos Verdes case to one year and eight months imprisonment, restitution of $255,000, and five years supervised release.

On August 8, 2001, Defterios was indicted on seven counts of bank fraud in violation of 18 U.S.C. § 1344 and three counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i). On February

22, 2002, he entered into a plea agreement, by which he agreed to plead guilty to counts one and two of the indictment and admitted that from 1996 through 1998 he had knowingly engaged in a scheme to defraud Pan American Bank by false loan application involving property at Haster Street, Garden Grove, California. The plea agreement stipulated to certain sentencing guideline factors: that the base offense level was six levels; that the loss caused by the fraud was between $2.5 million and $5 million (thirteen levels); and that Defterios had engaged in more than minimal planning (two levels). Defterios remained able to move for downward departure on the grounds of substantial assistance to the government, his health, and "credit for excess time served on defendant's prior bank fraud conviction ... if and only if the trial or appellate court in that case determines that defendant's sentence was excessive." The government remained free to oppose downward departures on the second or the third grounds. Other provisions of this carefully drafted, seventeen-page document are not relevant. None of it bound the court.

In the Presentence Report, the probation officer calculated the base offense level as six, and the specific offense characteristics as fifteen; he deducted three for acceptance of responsibility and placed Defterios in criminal history category II. The result was a recommendation for a guideline sentence between two years, six months and three years, one month, with supervised release of three to five years, a potential fine of up to $1 million, with about $4 million to be paid in restitution.

At the sentencing hearing, the district court found that the probation officer had correctly calculated the guideline range. The government moved for a downward departure of two levels for Defterios's substantial assistance to the government. The motion was granted, causing a sentencing range of two years to two years, six months. Defterios moved for a further departure on the ground that he should be credited with time served for the 1992 Palos Verdes fraud.

His argument was that if both crimes had been sentenced at the same time, the amounts of loss would have been combined, making a total loss of $4.2 million and leaving a sentencing range no higher than that reached by considering the Haster Gardens fraud alone; the criminal history category would have been I. The sentencing range for the combined crimes would have been two years, three months to two years, nine months.

The government pointed out that the investigation of the Haster Gardens fraud was "in its infancy" when the sentencing for the Palos Verdes fraud was done. The court acknowledged this point: the Haster case "was just in its early investigative stages. There's no reason to think that anybody was doing anything wrong or trying to multiply out the sentence or duplicate anything out." The court continued:

> This is not specifically covered by the guidelines, but it's analogous to other situations that are. And in situations of this kind, the courts, I think, are called upon to resolve these issues in favor of the defendant where the court should not punish a defendant more forcefully than he would have been punished had the charges been brought differently.

It was right, the court added, that the second case not be brought earlier. Still, the court decided to sentence Defterios as if both crimes had been charged together: "Bottom line, I think Mr. Defterios is probably the luckiest man in the world today. And to tell you the honest truth, I'm not too enthusiastic about this.... I think Mr. Defterios is entitled to take advantage of the math here." The court imposed restitution of $4,079,908, super-

vised release of five years, and imprisonment of one month.

The government appeals.

## ANALYSIS

 Both parties present the case as involving whether or not the district court abused its discretion. Central to the exercise of discretion is an understanding of the law. We give substantial deference to the sentencing decisions of the district court. *Koon v. United States,* 518 U.S. 81, 98, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). But "whether a factor is a permissible basis for departure under any circumstances is a question of law, and the court of appeals need not defer to the district court's resolution of the point." *Id.* at 100, 116 S.Ct. 2035. It does not matter whether "we label review of this particular question abuse of discretion or *de novo,* for an abuse-of-discretion standard does not mean a mistake of law is beyond appellate correction." *Id.*

 As a general rule, a district court is free to depart downward on the basis of any factor not categorically forbidden by the guidelines; and following *Koon,* we cannot categorically rule out any basis for downward departure not ruled out by the guidelines. *Id.* at 109, 116 S.Ct. 2035; *United States v. Sanchez–Rodriguez,* 161 F.3d 556, 561 (9th Cir.1998). The district court is free to consider a "fortuitous delay" in indictments that increases the defendant's sentence by preventing grouping as a basis for departing downward. *See United States v. Martinez,* 77 F.3d 332, 337 (9th Cir.1996). Analogously, an innocent delay in indictment that prevents a defendant from serving part of his federal sentence concurrently with his state sentence may serve as a basis for downward departure. *Sanchez–Rodriguez,* 161 F.3d at 564.

These precedents must be understood in their contexts. Based on an FBI sting and a tape made in 1992, the government indicted Martinez in June 1993 and convicted him in 1993 of dealing in stolen goods. *Martinez,* 77 F.3d at 333. In May 1994, using other tapes made during the same sting in 1992, the government indicted Martinez for other traffic in stolen goods. *Id.* at 333–334. Rejecting a challenge that the delayed indictment denied Martinez due process of law, we opined that the district court could depart downward, if he were convicted, grouping Martinez's several alleged deliveries to reach a fair sentence. *Id.* at 336–37. In *Martinez,* there was a close temporal connection between the crimes, and the evidence establishing them emanated from the same sting. In *Sanchez–Rodriguez,* the district judge who departed downward did so with the knowledge that she would have made the federal sentence run concurrently with part of the state sentence if the government's delay had not foreclosed this possibility. 161 F.3d at 564.

 These cases do demonstrate that fortuitous delay in an indictment may be treated as a reason to soften a sentence. We do not categorically rule out such a basis for departure. Sentencing is a case-by-case matter. *Koon,* 518 U.S. at 113, 116 S.Ct. 2035. In this case, where the district court thought that the defendant lucked out because courts were "called" to group the counts from crimes of the same character, the district court made an error of law and abused its discretion.

The guidelines do provide for grouping of "[a]ll counts involving substantially the same harm," so that when the offense level is determined largely on the basis of the total amount of loss, the counts are to be grouped. U.S.S.G. § 3D1.2. This provision is not a direction to merge indictments for two separate crimes that were distinct in time, place, and victims.

The district court proceeded as though it was legally bound to "unify" the two cases and sentence both crimes as though they had been prosecuted together. Nothing in the statute or in the sentencing guidelines required this result. The two crimes involved different properties, different victims and different modes of fraud. One crime occurred in 1992, the other between 1996 and 1998. As the district court itself acknowledged, the government could not have charged the crimes together because it knew little about the second fraud when it prosecuted the first. It is also very doubtful that Defterios retained the right under the plea agreement to seek downward departure on the theory that the counts of the two indictments should be grouped. He only reserved the right to seek a downward departure based on the prior conviction if the first sentence was "excessive"—a ground not argued here. In any event, there is no rule that says if you commit one fraud and then four years later commit another you have the right to have the government lump your different frauds together when it prosecutes. Defterios had "the advantage of the math" on the entirely erroneous legal basis that the government was bound to charge his different frauds together.

For the reasons stated, the judgment of the district court is REVERSED and the case is REMANDED for resentencing.