**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10482 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-01201-JAT-1 |
| v. | |
| JOSE CABRERA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted September 12, 2013[**]

Before:    HUG, FARRIS, and LEAVY, Circuit Judges.

Jose Cabrera appeals from the district court's judgment and challenges the

37-month sentence imposed following his guilty-plea conviction for violating 8

U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cabrera contends that the district court did not adequately explain the reasons for the sentence. He contends that the district court failed to explain the denials of his request to impose a lower sentence on the basis that he had been rehabilitated while serving a sentence in state prison and his request that the court sentence him using the range set forth in a rejected fast-track plea offer. The district court adequately explained the reasons for the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). The court addressed Cabrera's argument related to his state sentence, and the district court was not required to address Cabrera's frivolous argument that he should receive a sentence based on a rejected fast-track plea agreement. *See Carty*, 520 F.3d at 992-93; *cf. United States v. Gonzalez-Zotelo*, 556 F.3d 736, 739-41 (9th Cir. 2009) (holding that district court plainly erred when it decided to impose a sentence comparable to a fast-track sentence where the defendant did not enter into a fast-track plea agreement).

Cabrera also contends that the sentence is substantively unreasonable. We review for abuse of discretion. *See Gall v. United States,* 552 U.S. 38, 51 (2007). The district court did not abuse its discretion. The sentence is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors, including not only Cabrera's state prison sentence and efforts towards

rehabilitation, but also his rejection of the fast-track plea agreement and his criminal history, which is entirely distinct from the offense at issue here. *See Gall*, 552 U.S. at 51; *cf. United States v. Defterios*, 343 F.3d 1020, 1023-24 (9th Cir. 2003) (recognizing that delay in indictment may sometimes be a basis for a sentencing departure, but holding that district court erred when it decreased sentence based on a delay in an indictment where the offenses were separate crimes distinct in time, place, and victims).

**AFFIRMED**.