**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
     *Plaintiff-Appellee,*

v.

ALPHONSO KINZAR CARTY,
     *Defendant-Appellant.*

No. 05-10200

D.C. No.
CR-03-01135-RGS

UNITED STATES OF AMERICA,
     *Plaintiff-Appellee,*

v.

JUAN ANTONIO ZAVALA,
     *Defendant-Appellant.*

No. 05-30120

D.C. No.
CR-02-00079-
12-BLW

OPINION

Appeal from the United States District Court
for the District of Arizona
Roger G. Strand, District Judge, Presiding

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Argued and Submitted October 6, 2006
Submission Vacated December 6, 2006
Resubmitted March 24, 2008
San Francisco, California

Filed March 24, 2008

Before: Alex Kozinski, Chief Judge, Mary M. Schroeder,
Stephen Reinhardt, Pamela Ann Rymer, Andrew J. Kleinfeld,
Sidney R. Thomas, Barry G. Silverman,
M. Margaret McKeown, Kim McLane Wardlaw,
Ronald M. Gould, Richard A. Paez, Marsha S. Berzon,
Richard C. Tallman, Jay S. Bybee, and Carlos T. Bea,
Circuit Judges.

Opinion by Judge Rymer;
Concurrence by Chief Judge Kozinski;
Concurrence by Judge Silverman

**COUNSEL**

Jeffrey T. Green, Assistant Federal Public Defender, Phoenix, Arizona (argued); Milagros A. Cisneros, Assistant Federal Public Defender, Phoenix, Arizona, for defendant-appellant Alphonso Kinzar Carty.

Dennis M. Charney, Eagle, Idaho, for defendant-appellant Juan Antonio Zavala.

Michael R. Dreeben, Department of Justice, Washington, D.C, for the plaintiff-appellee.

---

**OPINION**

RYMER, Circuit Judge:

We ordered rehearing en banc in these cases to clarify our sentencing law in the wake of *United States v. Booker*, 543 U.S. 220 (2005).[1] Events overtook us, however, when the United States Supreme Court granted certiorari in *Claiborne v. United States* and *Rita v. United States*. As the issues were similar to those in our appeals, we deferred submission pending the Court's decisions.

The Court rendered its opinion in *Rita* on June 21, 2007, holding that a court of appeals may presume that the sentence is reasonable when a district judge's discretionary decision accords with the sentence the United States Sentencing Commission deems appropriate in the mine-run of cases. 551 U.S. ___, 127 S. Ct. 2456, 2465 (2007). Mario Claiborne's case was mooted by his death, *Claiborne v. United States*, 551

---

[1]*United States v. Carty*, 462 F.3d 1066 (9th Cir. 2006) (ordering rehearing en banc in *United States v. Zavala*, 443 F.3d 1165 (9th Cir. 2006), and *United States v. Carty*, 453 F.3d 1214 (9th Cir. 2006)). *Carty* and *Zavala* are consolidated for purposes of rehearing en banc.

U.S. ___, 127 S. Ct. 2245 (2007) (per curiam), so the Court granted certiorari in *Gall v. United States* to address the question whether a sentence that amounts to a substantial variance from the Guidelines needs to be justified by extraordinary circumstances. 127 S. Ct. 2933 (2007). It held on December 10, 2007 that appellate courts must review all sentences, within and without the Guidelines range, under a deferential abuse-of-discretion standard. *Gall*, ___ U.S. ___, 128 S. Ct. 586, 591 (2007). On the same day, the Court held that, under *Booker*, the cocaine Guidelines, like all others, are advisory only and that the Guidelines, formerly mandatory, serve as one factor among several that district courts must consider in determining an appropriate sentence. *Kimbrough v. United States*, ___ U.S. ___, 128 S. Ct. 558, 564 (2007).

Core principles having now been resolved by the Supreme Court, we are left with one open question presented by *Carty* and *Zavala*: whether to adopt an appellate "presumption" of reasonableness for sentences imposed within the Guidelines range. We decline to do so, although we recognize that a correctly calculated Guidelines sentence will normally not be found unreasonable on appeal. Applying *Rita*, *Gall* and *Kimbrough*, we conclude that there was no significant procedural error in either *Carty* or *Zavala*, and that the sentences imposed were not unreasonable. Accordingly, we affirm in each case.[2]

I

Zavala's appeal turns on whether the district court improperly presumed the reasonableness of a sentence within the

---

[2]Carty also challenges his conviction, which we affirm for reasons stated in Parts I and II of the panel opinion, and the wording of the verdict form, as to which we see no abuse of discretion and affirm for reasons stated in Part III. *Carty*, 453 F.3d at 1217-18, *vacated*, 462 F.3d 1066 (9th Cir. 2006).

Guidelines range. Carty's turns on whether the district court adequately articulated reasons for its choice of sentence.[3]

*Zavala*. Juan Antonio Zavala was convicted of one count of conspiring to distribute methamphetamine, cocaine, and ecstacy and one count of distribution of methamphetamine. His sentencing took place after *Booker*, but before *Rita*, *Gall* and *Kimbrough*. After making various adjustments which Zavala does not dispute, the district court determined that his adjusted offense level was 43 and his criminal history category was III. This yielded a life sentence as the applicable range under the November 2004 version of the Sentencing Guidelines.

At the outset of the hearing, the court indicated that it was required to consider the advisory Guidelines range, but in the context of the goals and purposes of sentencing as reflected in 18 U.S.C. § 3553(a).[4] The judge commented that "the

---

[3]After ordering both cases to be reheard en banc, we asked for supplemental briefing on a broader set of issues. The parties complied, and their input is appreciated. In addition, amicus curiae briefs in support of Carty and Zavala were filed by Federal Public Defenders for the District of Alaska; Central, Eastern and Northern Districts of California; District of Hawaii; District of Nevada; District of Oregon; and the Western District of Washington; by the Federal Defenders of Eastern Washington and Idaho; by the Federal Defenders of Montana, Inc.; by the Federal Defenders of San Diego, Inc.; by the National Association of Criminal Defense Lawyers; by Douglas A. Berman; and by Houman Moghaddam.

[4]Section 3553(a) provides, in pertinent part:

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed —

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

Guideline range becomes a presumptive sentence, and it is then for the Court to determine whether or not a specific factor exists in this case under those factors set forth in 3553(a)

---

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for —

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines —

        (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

        (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced . . . ;

(5) any pertinent policy statement —

    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

    (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

which would justify the Court in imposing a lesser sentence than that set forth in the Guideline range." The judge also stated that he needed to justify any departure from the Guidelines range by reference to the sentencing factors set forth in § 3553(a), and looked to the defense to "at least explain to [him] what those justifications are and what those factors are" that would warrant a sentence less than life imprisonment. Recognizing that he had to "impose a sentence sufficient, but not greater than, necessary to comply with the purposes set forth in [§ 3553(a)(2)]," the judge elicited, and heard, the parties' view as to "why would a sentence of, say, 360 months not be sufficient?"

When Zavala took issue with the statement that the presumptive sentence was the Guidelines range (a life sentence), arguing that the presumptive sentence should instead be the bottom of the statutory range (a ten-year sentence) pursuant to § 3553(a), the judge indicated that he believed the Guidelines should serve as "the starting point." He explained that "we start with the Guideline range and then work from that to determine whether there are facts in this case unique to this case which justify the Court in disregarding the Guideline range, or at least deviating from the Guideline range in some fashion" in terms of § 3553(a) and all the factors listed.

The court reviewed the relevant § 3553(a) factors and found that a life sentence was "not necessary" to promote respect for law, to deter others, or to protect the public; was "simply excessive"; and would be disproportional to sentences received by Zavala's co-defendants. Correspondingly, the court found that a 360-month sentence would reflect that this is a serious matter, would promote respect for the law and provide just punishment, and would afford adequate deterrence to others. Accordingly, the judge "exercise[d] [his] discretion to depart from the Guidelines or to deviate from the Guidelines based upon [his] consideration of the factors set forth in 18 U.S. Code Section 3553(a)" by imposing a term of 360 months imprisonment.

*Carty*. A jury convicted Alphonso Kinzar Carty on seven counts of abusive sexual contact and aggravated sexual abuse of his minor niece. He confessed to having molested her on four different occasions when she was between 14- and 16-years old, but later backtracked. The Presentence Report (PSR) considered the offense conduct, Carty's criminal history, and offender characteristics before recommending a sentence at the top of the 235-293 months Guidelines range. It also advised that there "is no information concerning the offense or the offender which would warrant a departure from the sentencing guidelines."

Carty's sentencing memorandum argued generally for a lower sentence in consideration of the § 3553(a) factors. It stressed his history and characteristics (Carty was a breadwinner for his family with no criminal history; he stopped drinking as a young man; he had a strong family relationship; and he had an underprivileged upbringing and diminished capacity to understand fully the world around him); the need for the sentence imposed (his parents would likely not be alive when he got out of prison; his young boys would be left without his guidance and support; and the goals of deterrence and protecting the public would be served by a much shorter sentence); and the availability of alternative sentences (a lengthy period of supervised release). The government's memorandum acknowledged that the Guidelines were advisory, but argued that the Guidelines sentence outlined in the PSR was appropriate in light of the factors set forth in § 3553(a). It also posited that neither Carty's conduct nor his circumstances differed from the multitude of other sex offenders that the Sentencing Commission took into consideration in promulgating the Guidelines.

At the sentencing hearing, the court indicated that it had reviewed the PSR and the parties' sentencing memoranda. Seven members of Carty's family testified. Counsel submitted that Carty has "no criminal history to speak of," "he is hard working, and he is a good role model for his children"; and

urged that alternative sentences such as sex offender registra-
tion and a lifetime of supervised release would be sufficient
to protect the public and keep Carty from reoffending. Coun-
sel asked the court to impose "something sufficient but not
greater than necessary," arguing that the sentence recom-
mended by the PSR was much greater than necessary as it
would be equivalent to having committed second degree mur-
der. In imposing sentence, the judge recognized that Carty
had strong family support and that the matter was "a familial
tragedy of enormous proportion." He then sentenced Carty to
a term of 235 months, the bottom of the Guidelines range.

## II

[1] The basic framework is now settled for the district
courts' task, and ours on appeal, under the *Booker* remedial
regime in which the Guidelines are no longer mandatory but
are only advisory. *Rita*, *Gall*, and *Kimbrough* supersede how
we, and the courts in this circuit, have approached the sen-
tencing process in the past.[5] Thus, in light of what *Rita*, *Gall*,
and *Kimbrough* have to say:

- The overarching statutory charge for a district
  court is to "impose a sentence sufficient, but not
  greater than necessary" to reflect the seriousness
  of the offense, promote respect for the law, and
  provide just punishment; to afford adequate
  deterrence; to protect the public; and to provide
  the defendant with needed educational or voca-
  tional training, medical care, or other correctional
  treatment. 18 U.S.C. § 3553(a) and (a)(2).

- All sentencing proceedings are to begin by deter-
  mining the applicable Guidelines range. The
  range must be calculated correctly. In this sense,

---

[5]Prior cases are overruled to the extent they are inconsistent with *Rita*,
*Gall*, *Kimbrough*, or this opinion.

the Guidelines are "the 'starting point and the initial benchmark,' " *Kimbrough*, 128 S. Ct. at 574 (quoting *Gall*, 128 S. Ct. at 596), and are to be kept in mind throughout the process, *Gall*, 128 S. Ct. at 596-97 n.6.

- The parties must be given a chance to argue for a sentence they believe is appropriate.[6]

- The district court should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties, i.e., it should consider the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed; the kinds of sentences available; the kinds of sentence and the sentencing range established in the Guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims. 18 U.S.C. § 3553(a)(1)-(7); *Gall*, 128 S. Ct. at 596-97 n.6.

- The district court may not presume that the Guidelines range is reasonable. *Rita*, 127 S. Ct. at 2465 (citing *Booker*, 543 U.S. at 259-60); *Gall*, 128 S. Ct. at 596-97. Nor should the Guidelines factor be given more or less weight than any other. While the Guidelines are to be respectfully

---

[6]*Rita* suggests the parties could argue that the Guidelines sentence should not apply "perhaps because (as the Guidelines themselves foresee) the case at hand falls outside the 'heartland' to which the Commission intends individual Guidelines to apply, USSG § 5K2.0, perhaps because the Guidelines sentence itself fails properly to reflect § 3553(a) considerations, or perhaps because the case warrants a different sentence regardless." 127 S. Ct. at 2465.

considered, they are one factor among the § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence. *Kimbrough*, 128 S. Ct. at 570; *Gall*, 128 S. Ct. at 594, 596-97, 602.

• The district court must make an individualized determination based on the facts. However, the district judge is not obliged to raise every possibly relevant issue *sua sponte*. *Gall*, 128 S. Ct. at 597, 599.

• If a district judge "decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* at 597. This does not mean that the district court's discretion is constrained by distance alone. Rather, the extent of the difference is simply *a* relevant consideration. At the same time, as the Court put it, "[w]e find it uncontroversial that a major departure should be supported by a more significant justification than a minor one." *Id.* This conclusion finds natural support in the structure of § 3553(a), for the greater the variance, the more persuasive the justification will likely be because other values reflected in § 3553(a) — such as, for example, unwarranted disparity — may figure more heavily in the balance.

• Once the sentence is selected, the district court must explain it sufficiently to permit meaningful appellate review. A statement of reasons is required by statute, § 3553(c), and furthers the proper administration of justice. *See Rita*, 127 S. Ct. at 2468 (stating that "[c]onfidence in a judge's use of reason underlies the public's trust

in the judicial institution"). An explanation communicates that the parties' arguments have been heard, and that a reasoned decision has been made. It is most helpful for this to come from the bench, but adequate explanation in some cases may also be inferred from the PSR or the record as a whole.

What constitutes a sufficient explanation will necessarily vary depending upon the complexity of the particular case, whether the sentence chosen is inside or outside the Guidelines, and the strength and seriousness of the proffered reasons for imposing a sentence that differs from the Guidelines range. A within-Guidelines sentence ordinarily needs little explanation unless a party has requested a specific departure, argued that a different sentence is otherwise warranted, or challenged the Guidelines calculation itself as contrary to § 3553(a). This is because both the Commission and the sentencing judge have determined that the sentence comports with the § 3553(a) factors and is appropriate in the ordinary case.[7] But the judge must explain why he imposes a sentence outside the Guidelines. *Rita*, 127 S. Ct. at 2468; *Gall*, 128 S. Ct. at 594 (indicating that a district judge "must explain his conclusion that an unusually lenient or an unusually

---

[7]*Rita*, 127 S. Ct. at 2464-65 (explaining that an "individual judge who imposes a sentence within the range recommended by the Guidelines thus makes a decision that is fully consistent with the Commission's judgment in general"); *id*. at 2467-68 (noting that "where judge and Commission *both* determine that the Guidelines sentence[ ] is an appropriate sentence for the case at hand, that sentence likely reflects the § 3553(a) factors (including its 'not greater than necessary' requirement)"); *Gall*, 128 S. Ct. at 594; *cf. Kimbrough*, 128 S. Ct. at 575 (contrasting a Guideline tied to a statutory mandatory minimum sentence that is not based on empirical evidence and which does not "exemplify the Commission's exercise of its characteristic institutional role").

harsh sentence is appropriate in a particular case with sufficient justifications").

The district court need not tick off each of the § 3553(a) factors (to show that it has considered them. We assume that district judges know the law and understand their obligation to consider all of the § 3553(a) factors, not just the Guidelines. *See Walton v. Arizona*, 497 U.S. 639, 653 (1990) ("Trial judges are presumed to know the law and to apply it in making their decisions."), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584, 609 (2002). Nor need the district court articulate in a vacuum how each § 3553(a) factor influences its determination of an appropriate sentence. However, when a party raises a specific, nonfrivolous argument tethered to a relevant § 3553(a) factor in support of a requested sentence, then the judge should normally explain why he accepts or rejects the party's position. *Rita*, 127 S. Ct. at 2468.

• Appellate review is to determine whether the sentence is reasonable; only a procedurally erroneous or substantively unreasonable sentence will be set aside. *See id.* at 2459 (citing *Booker*, 543 U.S. at 261-63); *Gall*, 128 S. Ct. at 594 (emphasizing that "appellate review of sentencing decisions is limited to determining whether they are 'reasonable' ").

• The abuse of discretion standard applies to all sentencing decisions, whether the sentence is inside the Guidelines range or outside of it. *Gall*, 128 S. Ct. at 596-97.[8]

---

[8]*Kimbrough* indicates that in light of the sentencing judge's greater familiarity with the individual case and individual defendant, "a district

- On appeal, we first consider whether the district court committed significant procedural error, then we consider the substantive reasonableness of the sentence. *Id*. at 597.

- It would be procedural error for a district court to fail to calculate — or to calculate incorrectly — the Guidelines range; to treat the Guidelines as mandatory instead of advisory; to fail to consider the § 3553(a) factors; to choose a sentence based on clearly erroneous facts; or to fail adequately to explain the sentence selected, including any deviation from the Guidelines range. *Id*.

- In determining substantive reasonableness, we are to consider the totality of the circumstances, including the degree of variance for a sentence imposed outside the Guidelines range. *Id*. A court of appeals may *not* presume that a non-Guidelines sentence is *un*reasonable. Although a court may presume on appeal that a sentence within the Guidelines range is reasonable, *id.*, we decline to adopt such a presumption in this circuit.

- For a non-Guidelines sentence, we are to "give due deference to the district court's decision that

---

court's decision to vary from the advisory Guidelines may attract greatest respect when the sentencing judge finds a particular case 'outside the "heartland" to which the Commission intends individual Guidelines to apply.' On the other hand, while the Guidelines are no longer binding, closer review may be in order when the sentencing judge varies from the Guidelines based solely on the judge's view that the Guidelines range 'fails properly to reflect § 3553(a) considerations' even in a mine-run case." 128 S. Ct. at 574-75 (internal citation to *Rita* omitted). The Court found it unnecessary to wrestle with this matter because the crack cocaine Guidelines at issue there were based on statutorily mandated minima instead of on the Commission's judgment of a sentence that achieves the objectives of § 3553(a). *Id*.

the § 3553(a) factors, on a whole, justify the extent of the variance." *Id*. at 597; *see also id*. at 602.

- We may not reverse just because we think a different sentence is appropriate. *Id*. at 597.

**[2]** As *Rita* observes, a number of circuits use a presumption of reasonableness for within-Guidelines sentences,[9] while others do not.[10] *See* 127 S. Ct. at 2462. The difference appears more linguistic than practical: Those circuits that have not adopted a presumption of reasonableness have nevertheless concluded "that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *Fernandez*, 443 F.3d at 27; *see also Talley*, 431 F.3d at 787-88. Until now, we have expressed no view on the issue. However, we decline to embrace a presumption. We recognize that a Guidelines sentence "will usually be reasonable," *Rita*, 127 S. Ct. at 2465, and this done, we see no particular need for an appellate presumption that says so. A "presumption" carries baggage as an evidentiary concept that we prefer not to import. An appellate presumption, in any event, does little work; even in jurisdictions where reasonableness is presumed, the presumption is not binding, it does not shift the burden of persuasion or proof, and it lacks "independent legal effect." *Id*. at 2463, 2465. Accordingly, we shall simply abide by the Supreme Court's admonition that "when

---

[9]*United States v. Green*, 436 F.3d 449, 457 (4th Cir. 2006); *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005); *United States v. Lincoln*, 413 F.3d 716, 717-18 (8th Cir. 2005); *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006); *United States v. Dorcely*, 454 F.3d 366, 376 (D.C. Cir. 2006).

[10]*United States v. Jimenez-Beltre*, 440 F.3d 514, 518 (1st Cir. 2006) (en banc); *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006); *United States v. Cooper*, 437 F.3d 324, 331 (3d Cir. 2006); *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam).

the judge's discretionary decision accords with the Commission's view of the appropriate application of § 3553(a) in the mine run of cases, it is probable that the sentence is reasonable." *Id.* at 2465.

## III

**[3]** Zavala contends that the district court erred by applying the Guidelines in a presumptive fashion. Although the judge at first used the phrase "presumptive sentence" when describing his view of the role of the Guidelines after *Booker*, he clarified that by that he meant the Guidelines should serve as "the starting point" from which the court should then make an individual assessment of the facts unique to Zavala's case which justify departure or deviation from the Guidelines range in terms of § 3553(a). The judge also acknowledged his obligation to "impose a sentence sufficient, but not greater than, necessary to comply with the purposes set forth in [§ 3553(a)(2)] and the traditional goals of sentencing."

**[4]** It would have been error had the judge actually attached a presumption of reasonableness to the Guidelines range or weighted the Guidelines range more heavily than other § 3553(a) factors. As *Rita* and *Gall* make clear, the district judge may not presume that the Guidelines range is reasonable. *Gall*, 128 S. Ct. at 596; *Rita*, 127 S. Ct. at 2456. But we take him at his word, that he instead regarded the Guidelines as the "starting point." The record reflects that this is what he did. Having begun by correctly calculating the Guidelines range, the judge considered the § 3553(a) factors and made an individualized assessment that led him to find that a life sentence would be excessive and disproportionate to the sentences received by Zavala's co-defendants, and that a 360-month sentence (rather than the life sentence prescribed by the Guidelines) was sufficient to promote respect for the law, provide adequate deterrence, and protect the public.

**[5]** To the extent the sentencing judge's initial characterization was inopportune, we cannot say that it was significant

procedural error because the court corrected itself. In actuality, the judge treated the Guidelines range as a baseline, and moved from there to tailor a sentence to the individualized offense and offender characteristics of Zavala's case in consideration of the § 3553(a) factors. *See Kimbrough*, 128 S. Ct. at 575 (noting that the district court could not have abused its discretion in reducing the sentence by 4.5 years when it began by properly calculating and considering the advisory Guidelines range, next addressed the relevant § 3553(a) factors, then arrived at a sentence that it reasoned was sufficient, but not greater than necessary, to accomplish the sentencing goals in § 3553(a)(2)); *Gall*, 128 S. Ct. at 596-97. Given the deference due the sentencing judge's individualized determination, and in light of all the circumstances in the case, the sentence imposed was reasonable. We affirm the judgment of the district court.

IV

**[6]** Carty contends that the district court imposed a procedurally flawed sentence by failing to provide sufficient reasons for selecting a sentence at the bottom of the Guidelines range rather than a lesser sentence. Although the judge gave no explicit reasons for doing so, the arguments were straightforward and uncomplicated, as they were in *Rita*. Rita argued for a sentence below the Guidelines range based on his health, fear of retaliation in prison, and military record. The judge listened to Rita's arguments and "then simply found these circumstances insufficient to warrant a sentence lower than the Guidelines range . . . . He must have believed that there was not much more to say." *Rita*, 127 S. Ct. at 2469. The Court upheld the sentence.[11]

---

[11]It observed:

> We acknowledge that the judge might have said more. He might have added explicitly that he had heard and considered the evidence and argument; that (as no one before him denied) he

Here, the district judge had presided over Carty's trial. He reviewed the PSR and the parties' submissions that discussed applicability of § 3553(a) factors; and he listened to testimony adduced at the sentencing hearing and to argument by both parties. The judge acknowledged Carty's specially strong family support and the impact that prolonged incarceration would have. Based on all these factors, the judge imposed the sentence. The sentence was within, but at the low end of, the Guidelines range. "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation. Circumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case, and that the judge has found that the case before him is typical." *Rita*, 127 S. Ct. at 2468.

**[7]** Nothing suggests that this case is different. It was neither complex nor unusual. While Carty argued for a lesser sentence in consideration of his history and characteristics, the need for the sentence imposed, and the alternatives available, his proffered justifications were centered on his sons' need for his presence as a role model. In light of Carty's having sexually abused his minor niece on numerous occasions with his sons nearby, these justifications are not compelling enough to require an explanation for a sentence at the low-end

---

thought the Commission in the Guidelines had determined a sentence that was proper in the minerun of roughly similar perjury cases; and that he found that Rita's personal circumstances here were simply not different enough to warrant a different sentence. But context and the record make clear that this, or similar, reasoning, underlies the judge's conclusion. Where a matter is as conceptually simple as in the case at hand and the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively.

*Rita*, 127 S. Ct. at 2469.

of the Guidelines range. Given the circumstances, it is hard to imagine what the district judge might usefully have said.

Carty also maintains that, because the district court did not affirmatively state that it considered the § 3553(a) factors, we should assume that it did not *and* we should assume that it (impermissibly) treated the Guidelines sentence as the presumptively reasonable sentence. This we shall not do. First, "in the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.' " *Kimbrough*, 128 S. Ct. at 574 (quoting *Rita*, 127 S. Ct. at 2465). Further, the judge stated that he reviewed the papers; the papers discussed the applicability of § 3553(a) factors; therefore, we take it that the judge considered the relevant factors. This includes the "not greater than necessary" requirement. *Rita*, 127 S. Ct. at 2467. Finally, sentencing took place after *Booker*, and the parties' memoranda proceeded on the footing that the Guidelines were advisory. The district judge gave no indication that he felt bound by the Guidelines range or bound to treat the Guidelines sentence as presumptively reasonable.

In short, the sentencing judge "set forth enough to satisfy [us] that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita*, 127 S. Ct. at 2468. And we see nothing unusual about Carty's circumstances to compel a lower sentence than the low-end of the Guidelines range. Therefore, discerning neither significant procedural error nor a substantively unreasonable sentence, we leave Carty's sentence in place and affirm the judgment.

AFFIRMED.

KOZINSKI, Chief Judge, with whom KLEINFELD, Circuit Judge, joins, concurring in relevant part:

I join Judge Rymer's opinion with the understanding that it affirms Carty's within-Guidelines sentence by invoking a presumption that within-Guidelines sentences are "reasonable." Despite the opinion's quixotic claim that it "decline[s] to embrace a presumption [of reasonableness]," maj. op. at 2849, it's clear that this is precisely what the opinion does. After disposing of Carty's procedural objections, *see id.* at 2850-53, the opinion devotes few words to the reasonableness of his sentence; it affirms because "we see nothing unusual about Carty's circumstances to compel a lower sentence." *Id.* at 2853.

When a sentence is within the Guidelines range, we know that "*both* the sentencing judge and the Sentencing Commission . . . have reached the *same* conclusion" that the sentence is "proper." *Rita* v. *United States*, 127 S. Ct. 2456, 2463 (2007). We must presume that such a sentence is reasonable, and we can rest on this presumption unless we are shown something "unusual" that "compel[s]" a different conclusion. Maj. op. at 2853. Judge Rymer does this here, so I'm pleased to join.

---

SILVERMAN, Circuit Judge, concurring:

In *Gall v. United States*, 128 S.Ct. 586, 597 (2007), the Supreme Court said, "When conducting [appellate review of the reasonableness of a sentence,] the court will, of course, take into account the extent of any variance from the Guidelines. If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness. [citing *Rita v. United States*, 127 S.Ct. 2456]."

Despite this very plain statement that appellate courts *may* exercise case-by-case discretion about whether to apply a presumption of reasonableness when reviewing a Guidelines sentence, the majority adopts its own rule — "[W]e decline to adopt such a presumption in this circuit" — not just in *this* case, but in *all* cases in this circuit. I fail to see by what right the majority presumes to prohibit the discretionary application of a presumption of reasonableness in all cases, in light of the fact that the Supreme Court has specifically authorized it.

With all due respect, it does not matter that the majority thinks that a presumption of reasonableness on appeal carries too much "baggage," as they put it. What matters is what the Supreme Court thinks, and the Supreme Court thinks that "the appellate court *may*, but is not required to, apply a presumption of reasonableness." *Gall*, 128 S.Ct at 597. (Emphasis added.) Is that not clear enough?

Perhaps the majority reads the language from *Gall* to invite each circuit to conjure up its own circuit-wide rule, instead of as a mandate for case-by-case appellate discretion. If so, I respectfully submit that this is a fanciful interpretation of the Court's opinion. The Supreme Court is in the business of resolving circuit splits, not inviting them. Indeed, the Court explicitly stated in *Gall* that it is concerned with achieving "nationwide consistency" when it comes to federal sentencing. *Id*. at 596. Furthermore, the language and structure of the *Gall* opinion itself show that the Supreme Court was providing a step-by-step approach to how *a given sentence* is to be reviewed on appeal: First, applying an abuse of discretion standard, the appellate court must ensure that no significant procedural error occurred, such as a miscalculation of the Guidelines. *Id*. at 597. Next, the court is to consider the substantive reasonableness of the sentence. In doing so, the court is to take into account the totality of the circumstances and the extent of any variance from the Guidelines. *Id*. Then, the Court said, "[i]f the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a pre-

sumption of reasonableness." *Id.* Finally, if the sentence is *outside* the Guidelines range, the court may not apply a presumption of unreasonableness. *Id.*

In context, it is thus apparent that the Court was explaining exactly how an appellate panel should approach the review of any given sentence, and not inviting each circuit to adopt its own circuit-wide policy on the presumption of reasonableness.

And the Court's approach makes perfect sense. In a routine case, involving simple facts and no serious argument against the correctness of the Guidelines sentence, the reviewing court may choose to apply a presumption of reasonableness. On the other hand, in a complex case with unusual facts or many variables, the reviewing court may find that a presumption of reasonableness is not appropriate. This, it seems to me, is what the Supreme Court envisioned when it said, "If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness."

Turning to the cases at hand, I would apply the presumption of reasonableness to the sentences under review and, finding no abuse of discretion on the part of the district courts, would affirm.