MEMORANDUM **
Enrique Martinez-Zamora appeals from the 51-month sentence imposed following his jury-trial conviction for being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
Martinez-Zamora contends that the district court erred by treating the Guidelines range as the presumptive sentence, ignoring mitigating factors, and failing to adequately explain its sentencing decision. We conclude that the district court did not procedurally err, and the sentence is substantively reasonable. See Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 596-97, 169 L.Ed.2d 445 (2007); see also United States v. Carty, 520 F.3d 984, 994-96 (9th Cir.2008) (en banc), cert. denied sub nom. Zavala v. United States, — U.S. -, 128 S.Ct. 2491, 171 L.Ed.2d 780 (2008).
Martinez-Zamora’s contentions that Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is no longer good law, and that 8 U.S.C. § 1326(b) is unconstitutional, are, as he acknowledges, foreclosed. See United States v. Beng-Salazar, 452 F.3d 1088, 1091 (9th Cir.2006).
Martinez-Zamora’s contention that the supervised release condition requiring him to report to the probation office within 72 hours of ^ reentry “to the United States ^01^8 his Fifth Amendment right a§ainst self-incrimination is foreclosed by United States v. Abbouchi, 502 F.3d 850, 859 (9th Cir.2007).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.