FILED

**NOT FOR PUBLICATION**

DEC 22 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10042 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00502-KJD-PAL-1 |
| v. | |
| DENNIS JAMES GRAVES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted December 7, 2011
San Francisco, California

Before: ALARCÓN, CALLAHAN, and N.R. SMITH, Circuit Judges.


Dennis Graves appeals his jury conviction for bank robbery and his

subsequent sentence. We have jurisdiction under 28 U.S.C. § 1291 and

18 U.S.C. § 3742(a). We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1.  Under either abuse of discretion or *de novo* review, we conclude that the prosecutor's closing statements did not constitute prosecutorial misconduct.

When the prosecutor makes comments about the reasonable doubt standard in closing argument, this will "not constitute reversible error unless the[ statements] are so gross as probably to prejudice the defendant . . . ." *United States v. Tucker*, 641 F.3d 1110, 1121 (9th Cir. 2011). We analyze the prosecutor's statements in "context," and viewed in light of other statements at trial, to determine whether it was reasonably likely that the jury misapplied the reasonable doubt standard. *Id.* at 1122; *see also Victor v. Nebraska*, 511 U.S. 1, 5 (1994); *Estelle v. McGuire*, 502 U.S. 62, 72 n.4 (1991).

Taken in context, the prosecutor's challenged statements did not incorrectly describe the Government's burden. The prosecutor himself stated on two occasions that the Government had the burden of proof and that the defense had no burden; the defense counsel correctly described the Government's burden; and the trial court correctly stated the reasonable doubt standard to the jury. Moreover, even in isolation, the prosecutor's analogy about rain and buckets of water did not make it reasonably likely that the jury would misinterpret the Government's burden. Rather, it merely highlighted the speculative nature of the doubts the defense was trying to cast on the Government's case.

2. A district court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [§ 3553(a)(2)]." 18 U.S.C. § 3553(a). While the district court must consider all factors set out in § 3553(a) before imposing a sentence, "[t]he district court need not tick off each of the § 3553(a) factors to show that it has considered them." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Under abuse of discretion review, reversal based on substantive unreasonableness of a sentence is not warranted unless, "upon reviewing the record, we have a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors." *United States v. Edwards*, 595 F.3d 1004, 1015 (9th Cir. 2010) (internal quotation marks omitted).

The district court did not abuse its discretion when it refused to grant a variance, and it imposed a low-end, within-Guidelines sentence. In this case, the district court considered Graves' criminal history, as well as the dangerous nature in which Graves committed the present crime, and found that there were no circumstances to justify Graves' request for a variance. The district court also expressly found that Graves' sentence was consistent with the factors set forth in § 3553(a). Graves' argument that "studies" show a "disparity" in sentencing of career offenders (raised for the first time on appeal) is irrelevant. The district court

3

could have—but reasonably decided not to—exercise its discretion in favor of a sentence below the career offender-based Guidelines range.

**AFFIRMED.**