FILED

JUN 21 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10625 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-50103-NVW |
| v. | |
| HAROLD ALLEN CREIGHTON, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted June 18, 2013[**]

Before:     TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Harold Allen Creighton, Jr., appeals from the district court's judgment and

challenges the 14-month sentence imposed upon revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Creighton contends that the district court failed to explain the sentence and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

why it rejected his argument that he should be sentenced to a shorter term because of his overincarceration on the underlying offense. Creighton also contends that the district court violated Federal Rule of Criminal Procedural 32(i)(3)(B) by failing to rule on the extent of his overincarceration and whether his overincarceration had any effect on the sentence imposed. The parties dispute the standard of review that applies to Creighton's claims. We need not resolve this dispute because even on de novo review, Creighton's claims fail.

The record reflects that the court took Creighton's argument into consideration and adequately explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Assuming, without deciding, that Rule 32(i)(3)(B) applies to revocation of supervised release proceedings, the court's obligations under Rule 32(i)(3)(B) were never triggered because the district court determined that any error in Creighton's underlying sentence had no bearing upon the appropriate term to be imposed for Creighton's violation of supervised release. *See United States v. Saeteurn*, 504 F.3d 1175, 1181 (9th Cir. 2007) (Rule 32(i)(3)(B) "is limited to factual disputes which affect the temporal term of the sentence the district court imposes").

**AFFIRMED.**

2