**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ARMANDO CAZAREZ-SANTOS,

Defendant-Appellant-Petitioner.

Nos. 15-50039, 15-50041 and
15-55216

D.C. Nos. 3:14-cr-01830-LAB-1
3:12-cr-03447-LAB-2
3:14-cv-02306-LAB

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted May 3, 2016
Pasadena, California

Before: BYBEE and N.R. SMITH, Circuit Judges, and STEIN,** District Judge.

Appellant-petitioner Armando Cazarez-Santos appeals from three district

court orders: (1) the denial of his 28 U.S.C. § 2255 petition, which sought to vacate

his 2012 conviction for alien smuggling on the basis of ineffective assistance of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Sidney H. Stein, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

counsel; (2) the sentence on the violation of supervised release imposed on his 2012 alien-smuggling conviction; and (3) the final judgment and commitment for his 2014 illegal-reentry conviction on the grounds that his fingerprints should have been suppressed. We have jurisdiction pursuant to 28 U.S.C. §§ 2253, 1291 and 18 U.S.C. § 3742. We review *de novo* both a district court's denial of a Section 2255 petition on timeliness grounds, *United States v. Buckles*, 647 F.3d 883, 887 (9th Cir. 2011), as well as a denial of a motion to suppress, *United States v. Moore*, 770 F.3d 809, 812 (9th Cir. 2014). We review a district court's sentencing decision for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41, 51 (2007); *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). Underlying factual findings are reviewed for clear error. *See United States v. Hinkson*, 585 F.3d 1247, 1259 (9th Cir. 2009) (en banc). We affirm.

1. The district court correctly denied Cazarez's Section 2255 petition on the grounds that it was not timely. In order for the limitations period to start running on such a petition, the petitioner is not required to know the legal consequences of the facts relevant to his claim; he is only required to know the facts. *Hasan v. Galaza*, 254 F.3d 1150, 1154 & n.3 (9th Cir. 2001); *see also* 28 U.S.C. § 2255(f)(4). Cazarez was on inquiry notice of his ineffective assistance of counsel claim by no later than June 21, 2013, when he was served with a notice to appear.

2

*See Hasan*, 254 F.3d at 1154 ("[A] petitioner must have discovered (or with the exercise of due diligence could have discovered) facts suggesting both unreasonable performance *and* resulting prejudice."). Cazarez knew that he was not an American citizen; that Scott Pactor, his attorney, had advised him to accept the plea agreement; that prior to his plea hearing his attorney had advised him that "you know, you're likely to be deported, never say never"; that he pleaded guilty to an aggravated felony; that Pactor subsequently stated at his sentencing hearing that Cazarez was "someone who is not a hundred percent going to be deported but definitely going to be in deportation proceedings"; and that he was in fact placed in removal proceedings and immigration custody.

These facts put Cazarez on inquiry notice to look into whether his removal was more likely than Pactor had advised him when counseling him to accept the plea agreement. Indeed, in October 2013, Cazarez hired a separate criminal attorney, David Horwitz, to look into the possibility of vacating his 2012 alien-smuggling conviction. Horwitz advised Cazarez that there was nothing Cazarez could do.

Cazarez urges that Horwitz's advice triggered equitable tolling. It did not. The district court properly found that while Horwitz's advice was questionable, his representation did not rise to the level of "extraordinary circumstances" impeding

3

Cazarez from filing a timely petition. *Cf. Holland v. Florida*, 560 U.S. 631, 651–52 (2010).

Accordingly, Cazarez is not entitled to equitable tolling, and the statute of limitations on Cazarez's petition expired pursuant to 28 U.S.C. § 2255(f)(4) on June 23, 2014 at the latest—one year after Cazarez was served with his notice to appear.[1]  Cazarez missed the deadline by, at the very least, approximately three months because his Section 2255 petition was filed on September 29, 2014.

2.  Because Cazarez's 2012 alien-smuggling conviction stands, we affirm the district court's sentence on Cazarez's violation of supervised release imposed on his 2012 conviction.  The district court's sentence on the violation of supervised release is not unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

3.  The district court properly compelled Cazarez to produce a second set of fingerprints and deemed those prints admissible on Cazarez's 2014 illegal-reentry charge, even though the district court suppressed the first set of Cazarez's fingerprints as collected in violation of his Fourth Amendment rights.

---

[1]The date exactly one year after Cazarez was served, June 21, 2014, fell on a Saturday.  Accordingly, the deadline for filing the petition would have been the following Monday, June 23, 2014. *See* Fed. R. Civ. P. 6(a)(1)(C); Rules 1(b) & 12 of the Rules Governing Section 2254 & 2255 Cases in the United States District Courts.

This Circuit has consistently held that even if the government becomes aware of a defendant's identity solely through fingerprints collected as the result of an illegal arrest and gathered in part to investigate whether the defendant is in the country illegally, the government may nonetheless introduce a new set of fingerprints taken as evidence of the defendant's identity. *See, e.g.*, *United States v. Garcia-Beltran*, 443 F.3d 1126, 1133–34 (9th Cir. 2006); *United States v. Ortiz-Hernandez*, 427 F.3d 567, 577 (9th Cir. 2005) (per curiam). Moreover, the new set of fingerprints, taken for identification purposes, may be admitted along with the defendant's official file, including his criminal and immigration record. *See, e.g.*, *Garcia-Beltran*, 443 F.3d at 1134; *Ortiz-Hernandez*, 427 F.3d at 577; *United States v. Orozco-Rico*, 589 F.2d 433, 435 (9th Cir. 1978). The Government collected a second set of Cazarez's fingerprints as evidence of his identity—not for investigatory purposes—and thus these fingerprints are admissible together with his official record.

**AFFIRMED.**