**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10334 |
| Plaintiff-Appellee, | D.C. No. 4:15-cr-00252-JSW-10 |
| v. | |
| JANEL MCDONALD, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted March 11, 2019[**]
San Francisco, California

Before: W. FLETCHER, WATFORD, and HURWITZ, Circuit Judges.

Janel McDonald appeals her 65 month sentence following her conviction for

(1) conspiracy to defraud the United States, (2) two counts of theft of public

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

money, and (3) two counts of aggravated identity theft. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

McDonald asked the district court for a two-level reduction for acceptance of responsibility pursuant to § 3E1.1 of the Sentencing Guidelines, which provides, "If the defendant clearly demonstrates acceptance of responsibility for [her] offense, decrease the offense level by 2 levels." U.S.S.G. § 3E1.1(a). Contrary to McDonald's assertion, the district court did not deny her acceptance of responsibility solely because of her decision to go to trial. Instead, the district court, as permitted by the guidelines and Ninth Circuit case law, considered McDonald's decision to go to trial as one of many factors in denying her credit for acceptance of responsibility. *See* U.S.S.G. § 3E1.1 n.2; *United States v. Rojas-Pedroza*, 716 F.3d 1253, 1270 (9th Cir. 2013). The district court concluded that McDonald accepted responsibility only because she was about to be sentenced, and also concluded that McDonald had minimized her role in the offense. These factors were an adequate basis for denial of a reduction for acceptance of responsibility. *See United States v. Sanchez*, 908 F.2d 1443, 1451 (9th Cir. 1990).

Next, McDonald argues that in applying a two-level sophisticated means enhancement, the district court plainly erred because applying that enhancement double-counted the conduct related to McDonald's aggravated identity theft

2

conviction. Section 2T1.4(b)(2) of the Sentencing Guidelines, which governs the sentence for McDonald's conspiracy and theft of public money convictions, provides for a two-level enhancement for schemes that "involve[] sophisticated means." Section 2B1.6 governs McDonald's sentence for aggravated identity theft. Application Note 2 of that section states: "If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for the transfer, possession, or use of a means of identification when determining the sentence for the underlying offense." The district court did not err; it considered multiple factors in deciding to apply the sophisticated means enhancement, including (1) that defendants created a business plan, set interim goals, and recruited others to join the scheme, (2) that defendants mapped routes for subordinates to drive to multiple different Walmart stores throughout the Bay Area, and (3) that defendants flew throughout the country to cash checks. Under these circumstances, application of the sophisticated means enhancement under § 2T1.4(b)(2) did not result in double-counting because the conduct supporting sophistication involved more than the use of a means of identification.

Finally, McDonald argues her 65 month sentence was substantively unreasonable given that she had no criminal record and was not a ringleader in the conspiracy. McDonald's sentence fell at the low end of the guidelines range, and "a

3

Guidelines sentence will usually be reasonable[.]" *United States v. Carty*, 520 F.3d 984, 994 (9th Cir. 2008) (en banc). The district court acknowledged McDonald's arguments about her history and involvement in the scheme, but found that her involvement in the conspiracy was "quite substantial" and there was a need for both specific and general deterrence.

**AFFIRMED**.