NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10356 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00062-JCM-NJK-1 |
| v. | |
| GILBERT DAVILA, Jr., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted July 16, 2020[**]
San Francisco, California

Before: IKUTA and HURWITZ, Circuit Judges, and TAGLE,[***] District Judge.

Gilbert Davila, Jr. was found guilty of possession of child pornography, in

violation of 18 U.S.C. § 2252A(a)(5)(B). The district court sentenced Davila to a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Hilda G. Tagle, United States District Judge for the Southern District of Texas, sitting by designation.

within-guideline sentence of 240 months of imprisonment followed by lifetime supervised release. Davila appeals his conviction and sentence. We affirm.

1. We review a sufficiency of the evidence claim following a bench trial *de novo*. *United States v. Jiang*, 476 F.3d 1026, 1029 (9th Cir. 2007). Sufficient evidence supports a conviction if, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence presented at trial, viewed in the light most favorable to the prosecution, supports Davila's conviction. The government presented sufficient evidence to sustain the district court's conclusion that Davila made a voluntary confession to possession of child pornography in an interview with law enforcement. The district court relied upon the interview recording and the investigating officer's testimony that Davila called him and drove to his office, appeared "relatively calm" and "of sober mind," and showed "no signs of impairment" during the interview.

Further, the government presented sufficient evidence to prove the connection between Davila and the Google account used to upload over 650 images of child pornography. Davila admitted during the interview that the email address and phone number connected to the Google account belonged to him; that he viewed child pornography for several years; that he viewed child pornography

2

on his phone, as recently as one week before the interview; and that he mostly looked at young children. Further, the email address contained Davila's middle and last names, and images of Davila and his vehicle were uploaded to the same Google account. Construing the evidence in the government's favor, a rational trier of fact could have concluded that Davila knowingly possessed child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

2. The substantive reasonableness of a sentence is reviewed for abuse of discretion. *United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009). A sentence is substantively reasonable "[w]hen a district judge has considered the § 3553(a) factors and the totality of the circumstances supports the sentence." *United States v. Blinkinsop*, 606 F.3d 1110, 1116 (9th Cir. 2010). Though we have declined to adopt the presumption that a sentence within the guideline range is reasonable, we recognize that such a sentence "will usually be reasonable." *United States v. Carty*, 520 F.3d 984, 994 (9th Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 351 (2007)).

The district court did not abuse its discretion in sentencing Davila to 240 months of imprisonment. The district court considered the relevant 18 U.S.C. § 3553(a) factors. The district court balanced the mitigating circumstances, including Davila's supportive family and friends, his religious commitment, and his work ethic, against other relevant factors, including the seriousness of the offense and

the need for deterrence and just punishment. The 240-month sentence was also within the guideline range. *See* U.S.S.G. § 5G1.1(a).[1]

**AFFIRMED**.

---

[1] Under U.S.S.G. § 5G1.1(a), the statutory maximum becomes the guideline sentence when it is less than the minimum of the guideline range. Here, the guideline range was calculated to be 324–405 months of imprisonment, but the statutory maximum was 240 months.