**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50211 |
| Plaintiff-Appellee, | D.C. No. 3:10-cr-01223-WQH-1 |
| v. | |
| WILLIAM ALBERT ZACHOLL, AKA Billy Bones, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted June 21, 2021**

Before:    SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

William Albert Zacholl appeals from the district court's judgment and challenges the 24-month term of supervised release imposed upon revocation of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Zacholl contends that the district court procedurally erred by failing to explain its decision to impose a 24-month term of supervised release. We need not resolve the parties' dispute over the applicable standard of review because, even under de novo review, the district court did not err. The district court considered Zacholl's arguments and acknowledged Zacholl's extended period of compliance with the terms of supervised release but was concerned about Zacholl's relapse and need for substance abuse treatment. The district court's reasons for imposing the 24-month term of supervised release are apparent from the record. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) (adequate explanation may be "inferred from . . . . the record as a whole").

Zacholl also contends that the 24-month term of supervised release is substantively unreasonable in light of his performance on supervised release prior to his relapse and his voluntary medical and psychiatric treatment after he relapsed. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The supervised release term is substantively reasonable in light of the 18 U.S.C. § 3583(e) factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**