NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50311 |
| Plaintiff-Appellee, | D.C. No. 2:21-cr-00426-PA-1 |
| v. | |
| CHRISTOPHER AUGUSTUS, AKA Michael, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted March 19, 2024**
San Francisco, California

Before: FRIEDLAND, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Christopher Augustus appeals the sentence imposed by the district court

following his guilty plea for bank fraud in violation of 18 U.S.C. § 1344(2) and

access device fraud in violation of 18 U.S.C. § 1029(a)(5). We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We affirm.[1]

1. Augustus argues that the district court violated Federal Rule of Criminal Procedure 32(i)(1)(C) when it relied on Federal Trade Commission (FTC) statistics and unidentified news articles in imposing his sentence without notifying the parties or providing them with a copy of the materials before sentencing. We reject his argument.

Rule 32 requires both that a district court at sentencing disclose "all relevant factual information to the defendant for adversarial testing," *United States v. Warr*, 530 F.3d 1152, 1162 (9th Cir. 2008), and provide defense counsel the opportunity "to comment on the probation officer's determinations" in the Presentence Report "and other matters related to an appropriate sentence," Fed. R. Crim. P. 32(i)(1)(C). Where, as here, a defendant does not object at sentencing to a district court's compliance with Rule 32, we review for plain error. *United States v. Kaplan*, 839 F.3d 795, 803 (9th Cir. 2016). To establish plain error, a defendant must show "(1) an error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Smith*, 424 F.3d 992, 1000 (9th Cir. 2005).

Here, the district court sentenced Augustus to 40 months' imprisonment—above the Sentencing Guidelines range of 27–33 months in the Presentence Report.

---

[1] Appellant's unopposed motion for judicial notice (Dkt. No. 24) is **GRANTED**.

The district court justified its sentencing decision based on the 18 U.S.C. § 3553(a) sentencing factors, considering the needs of the public, the seriousness of the offense, and the far-reaching adverse consequences of the offense upon the public. The district court also considered Augustus's history and characteristics, including his family support and recent work history. The record demonstrates that the district court cited the FTC statistics and mentioned the news articles to support the proposition that there are "serious consequences for defrauding people" and that Augustus's "sentence must reflect the seriousness of this offense, promote respect for the law, deter abuse, and protect the public."[2] That Augustus was not given an opportunity to contest the statistics or news articles did not substantially affect his rights given the district court's reliance on other sentencing factors that would justify an upward variance. *See Warr*, 530 F.3d at 1163. As such, the district court's failure to provide advance notice that it intended to rely upon this information did not constitute plain error.

2. Augustus also argues that the 40-month sentence imposed by the district court is substantively unreasonable because it is greater than necessary to satisfy the goals of sentencing. We review the substantive reasonableness of a sentence for abuse of discretion, considering the totality of the circumstances. *See Gall v.*

_____

[2] The government concedes that the district court should not have cited the FTC statistics.

3

*United States*, 552 U.S. 38, 51 (2007). We may not reverse simply because we believe that a different sentence would be appropriate. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

Augustus's claim that the district court's sentencing decision of 40 months' imprisonment was "at best, an afterthought" is belied by the record, which reflects that the district court properly considered and weighed the 18 U.S.C. § 3553(a) sentencing factors. Given its "superior position to find facts and judge their import under § 3553(a)," *Gall*, 552 U.S. at 51, the district court did not abuse its broad sentencing discretion in concluding that an above-Guidelines sentence was appropriate.

**AFFIRMED.**[3]

---

[3] Appellant's motion to expedite (Dkt. No. 38) is **DENIED** as moot.