NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 5 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHANCEY DEAN HOWARD,

Defendant - Appellant.

No. 24-4403

D.C. No.
4:23-cr-06020-SAB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Argued and Submitted November 18, 2025
Seattle, Washington

Before: McKEOWN, PAEZ, and DESAI, Circuit Judges.

Chancey Dean Howard pled guilty to felony possession of a firearm in

violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8). The district court applied a four-level

enhancement under U.S.S.G. § 2K2.1(b)(6)(B) and a four-month upward variance

from the recommended sentencing range. Howard appeals both sentencing

decisions. We have jurisdiction under 18 U.S.C. § 1291. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We review the district court's interpretation of the United States Sentencing Guidelines ("Guidelines") de novo, its application of the Guidelines for abuse of discretion, and its factual findings for clear error. *United States v. Parlor*, 2 F.4th 807, 811 (9th Cir. 2021). We review the substantive reasonableness of a criminal sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007).

1. The district court did not abuse its discretion by applying a four-level enhancement. A district court may apply a four-level enhancement if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B) (U.S. Sent'g Comm'n 2023). The government has the burden of proving that the defendant used or possessed the firearm in connection with a felony, and it must do so by a preponderance of the evidence. *United States v. Chadwell*, 798 F.3d 910, 916–17 (9th Cir. 2015); *United States v. Lucas*, 101 F.4th 1158, 1162–63 (9th Cir. 2024) (en banc). Under a mattress in a hotel room Howard paid for, police found the loaded firearm along with over 40 grams of methamphetamine, approximately 30 distribution baggies, and Howard's cell phone. The government presented sufficient evidence that Howard's firearm was connected to felony possession with intent to distribute methamphetamine. *See* U.S.S.G. § 2K2.1 cmt. 14(B)(ii) (U.S. Sent'g Comm'n 2023). Thus, the district court's imposition of a four-level enhancement was not an abuse of discretion.

2. The district court did not abuse its discretion by applying a four-month

upward variance from the Guidelines' recommended range because the sentence was substantively reasonable. When sentencing a criminal defendant, the district court must balance the factors laid out in 18 U.S.C. § 3553(a). This court reviews the sentence to determine whether it is procedurally erroneous or substantively unreasonable. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

Howard does not argue that the sentence was procedurally unsound but argues only that it was substantively unreasonable.[1] "A sentence may be substantively unreasonable when the court applies the Guidelines sentence without considering the defendant-specific facts that made the resulting sentence unreasonable, or when the court's factual findings were clearly erroneous." *United States v. Taylor*, 153 F.4th 934, 944 (9th Cir. 2025) (citation modified). The district court relied on "defendant-specific facts" when considering the factors laid out in 18 U.S.C. § 3553(a), such as Howard's criminal history and past recidivism. *See id.* The record thus does not leave us with "a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors." *United States v. Ressam*, 679 F.3d 1069, 1087 (9th Cir. 2012) (en banc) (citation omitted). Accordingly, the sentence is substantively reasonable, and

---

[1] In his reply brief, Howard argues for the first time that the district court was required under Fed. R. Crim. P. 32(i)(3)(B) to make a ruling on a disputed fact in the presentence report. But Howard did not raise this argument in his opening brief, so it is waived. *See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990).

the district court's application of a four-month upward variance was not an abuse of discretion.

3. In his opening brief, Howard argues that the district court erred in admitting and considering untimely disclosed evidence that the government offered at sentencing, but he withdrew this argument in his reply brief. We thus do not decide it.

**AFFIRMED.**