### UNITED STATES of America, Plaintiff—Appellant,

v.

### Dorothy Lenore FLOWERS, Defendant—Appellee.

### No. 06–30464.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2008.

Filed May 16, 2008.

Stephen F. Peifer, Esq., Office of the U.S. Attorney, Mark O. Hatfield, U.S. Courthouse, Portland, OR, Alan Hecht-kopf, Esq., Jeremy Engle, Esq., U.S. Department of Justice, Tax Division, Washington, DC, for Plaintiff–Appellant.

Ronald H. Hoevet, Esq., Hoevet & Boise, Portland, OR, for Defendant–Appellee.

Before: TALLMAN and CLIFTON, Circuit Judge, and KORMAN,* Senior District Judge.

### MEMORANDUM **

We consider two factors on appeal in reviewing a criminal defendant's sentence: whether the district court committed any significant procedural error and whether the overall sentence was substantively reasonable. *See United States v. Carty,* 520 F.3d 984, 992–93 (9th Cir.2008). Because the district court neither committed any significant procedural error nor imposed a substantively unreasonable sentence, the district court did not abuse its discretion in fashioning Dorothy Flowers's sentence. *See id.*

The district court sentenced Flowers to six months home incarceration, six months detention in a community center, and three years supervised release for her role in a conspiracy to defraud the Internal Revenue Service. *See* 18 U.S.C. § 371. Although the district court suggested that the use of technical equipment might satisfy a sophisticated concealment enhance-

---

* The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**450**

ment under U.S.S.G. § 2T1.1, the district court, in declining to apply the two-level enhancement, relied on Flowers's limited education, her overall lack of knowledge of the intricacies of the business, and her tendency to follow instructions without question. We cannot say in light of this isolated statement that the district court, which otherwise correctly calculated the advisory guideline range, committed any *significant* procedural error.

█ Nor can we conclude that district court's sentence, overall, was substantively unreasonable. The district court appropriately discussed the relevant factors set forth under 18 U.S.C. § 3553(a), and adequately explained unique characteristics that set Flowers apart from her co-defendants: her limited role as a receptionist and secretary, her unwavering devotion to her husband, the mastermind of the conspiracy, her unquestionable subservience to him, and the limited financial gain she derived from her participation. The sentence was reasonable. These factors, in addition to the district court's stated intention that it would impose the same sentence on remand, persuade us that the district court committed no abuse of discretion.

**AFFIRMED.**