MEMORANDUM **
Mario Garcia-Cebreros appeals from the six-month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
The district court did not commit procedural error in imposing sentence. See United States v. Carty, 520 F.3d 984, 993 (9th Cir.2008) (en banc) (holding that, when reviewing a sentence, “we first consider whether the district court committed significant procedural error”); see also United States v. Cope, 527 F.3d 944, 950 (9th Cir.2008) (applying reasonableness requirements to supervised release terms). The record makes clear that the district court recognized that the sentencing guidelines are advisory and not mandatory, and adequately considered the relevant factors under 18 U.S.C. § 3553(a) in imposing the below-guideline-range sentence. See Carty, 520 F.3d at 993.
The sentence imposed by the district court was substantively reasonable. See id. The district court imposed a sentence of six months, rather than the guidelines-range sentence of twelve months, based on its determination that six months was sufficient. Further, the district court ordered that this six-month sentence run concurrent to the sentence in Case No. CR-05-00126-RHW, rendering meritless Garcia-Cebreros’s argument that the district court erred in sentencing him to a six-month consecutive sentence.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.