**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

RODNEY LEE ROLLNESS,
*Defendant-Appellant.*

No. 07-30411

D.C. No.
CR-06-00041-002-
RSL

OPINION

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted
February 2, 2009—Seattle, Washington

Filed April 2, 2009

Before: Betty B. Fletcher, Pamela Ann Rymer and
Raymond C. Fisher, Circuit Judges.

Per Curiam Opinion;
Concurrence by Judge Rymer

## COUNSEL

Suzanne Lee Elliott, Seattle, Washington, for the defendant-appellant.

Jeffrey C. Sullivan, United States Attorney; Helen J. Brunner (argued), Assistant United States Attorney; Tessa Gorman, Assistant United States Attorney; Michael Lang, Assistant

United States Attorney; Bruce Miyake, Assistant United States Attorney, Western District of Washington, for the plaintiff-appellee.

## OPINION

PER CURIAM:

Pursuant to a jury trial, Rodney Lee Rollness, a former member of the Washington Nomads chapter of the Hells Angels, was convicted under the Violent Crime in Aid of Racketeering (VICAR) statute, 18 U.S.C. § 1959, for the murder of Michael Walsh. The district court sentenced Rollness to life imprisonment, which it determined to be the minimum sentence required under 18 U.S.C. § 1959(a)(1) for murder in aid of racketeering ("VICAR murder"). On appeal, Rollness contends that the district court was free under § 1959(a)(1) to impose a minimum sentence of a fine, without any term of imprisonment, for VICAR murder.[1] We disagree, and hold that VICAR murder carries a statutory minimum sentence of life imprisonment.

## DISCUSSION

[1] The VICAR statute provides, in relevant part, that whoever commits murder "for the purpose of . . . maintaining or increasing position in an enterprise engaged in racketeering activity . . . shall be punished . . . by death or life imprisonment, or a fine under this title, or both." 18 U.S.C. § 1959(a)(1); *see United States v. Banks*, 514 F.3d 959, 964

---

[1]Rollness was found guilty of multiple offenses in addition to VICAR murder, including participation in a Racketeer Influenced and Corrupt Organization ("RICO"), in violation of 18 U.S.C. § 1962(c) and RICO conspiracy, in violation of 18 U.S.C. § 1962(d). He raises several other arguments challenging his conviction and sentence for these offenses, which we address in a concurrently filed memorandum disposition.

(9th Cir. 2008) (describing "the elements required for a conviction" under the VICAR statute, but not discussing sentencing). Rollness contends that under the plain language of this statute, a district court is free to punish VICAR murder with a sentence of (1) death and a fine, (2) life imprisonment and a fine, or (3) a fine only. This interpretation of the statute has been rejected by two of our sister circuits. *See United States v. James*, 239 F.3d 120, 126-27 (2d Cir. 2000); *United States v. Carson*, 455 F.3d 336, 385 n.44 (D.C. Cir. 2006) (adopting *James*' holding without further analysis).

**[2]** "The notion that the [VICAR] statute contemplates the imposition of a fine without imprisonment," as the Second Circuit observed in *James*, "cannot be reconciled with the extremely harsh punishments — death or life imprisonment — otherwise available" for VICAR murder. *Id.* at 126; *see also United States v. Pabon-Cruz*, 391 F.3d 86, 104 (2d Cir. 2004) ("*James* presents a situation where the plain language of the statute is indeed nonsensical enough to indicate that that plain meaning could not have been what Congress intended. To allow no option between capital punishment or life imprisonment, on the one hand, and a fine, on the other, is incomprehensible."). Although Rollness' interpretation of the VICAR statute is syntactically possible, "[w]e see no basis for concluding that Congress intended the unlikely result that . . . a judge [is] free to reject a death sentence or life imprisonment for a defendant convicted under 18 U.S.C. § 1959(a)(1), but only by sentencing that defendant to a fine without prison time." *James*, 259 F.3d at 127; *see also United States v. Alfeche*, 942 F.2d 697, 698 (9th Cir. 1991) (per curiam) (rejecting defendant's construction of statute where the court "[found] nothing in the language or history of [the statute] to suggest that Congress intended the absurd results possible under this construction"); *Pub. Citizen v. U.S. Dept. of Justice*, 491 U.S. 440, 470 (1989) (Kennedy, J., concurring) (describing the absurd results canon as a "narrow exception to our normal rule of statutory construction" that "demonstrates a respect for

the coequal Legislative Branch, which we assume would not act in an absurd way").

**[3]** Rollness contends that the "rule of lenity" should lead us to reject the Second Circuit's interpretation of the VICAR statute. Given the absurd results that would flow from the interpretation of § 1959(a)(1) that Rollness urges, however, "[w]e find no ambiguity requiring lenity." *United States v. Alfeche*, 942 F.2d 697, 699 (9th Cir. 2001); *see id.* ("Because the meaning of language is inherently contextual, we have declined to deem a statute ambiguous for purposes of lenity merely because it was possible to articulate a construction more narrow than that urged by the government.") (quoting *Moskal v. United States*, 498 U.S. 103, 108 (1990)). Accordingly, we join the Second and D.C. Circuits in holding that § 1959(a)(1) imposes a minimum sentence of life imprisonment for VICAR murder.

**AFFIRMED**.

RYMER, Circuit Judge, concurring:

Alternately, we can affirm because the district court found that even if it could impose just a fine, a fine would not be appropriate in this case. The sentence imposed was certainly reasonable. *See United States v. Carty*, 520 F.3d 984 (9th Cir. 2008).