**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30369 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00165-WFN-001 |
| v. | |
| MICHELLE ANN WING, | MEMORANDUM[*] |
| Defendant - Appellant, | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremning Nielsen, Senior District Judge, Presiding

Argued and Submitted July 15, 2010
Seattle, Washington

Before: RYMER and N.R. SMITH, Circuit Judges, and CEBULL, Chief District Judge.[**]

Michelle Ann Wing appeals the 86-month sentence imposed upon her guilty

plea to six counts of bank fraud, in violation of 18 U.S.C. §§ 1342 & 1344, and

one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349.

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Richard F. Cebull, United States District Judge for the District of Montana, sitting by designation.

We have jurisdiction under 28 U.S.C. § 1291. We reverse because the district court failed to correctly calculate the guideline range. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).

1.

Wing first argues the district court erred by calling Wing's supervising probation officer to testify concerning the facts underlying the Presentence Investigation Report's U.S.S.G. § 3C1.1 obstruction of justice enhancement recommendation. But so long as he remains impartial and disinterested, a sentencing judge has authority to call and question witnesses. *United States v. Alfaro*, 336 F.3d 876, 883 (9th Cir. 2003). Moreover, Wing objected to the Presentence Investigation Report's recommendation that the court impose a two-level increase for obstruction of justice. Since the plea agreement prohibited the United States from seeking an obstruction of justice enhancement, the district court properly called and questioned the probation officer concerning facts within her personal knowledge in order to rule on Wing's objection to the report. Finally, the district court's questions did not evidence bias, but were precisely aimed at clarifying information contained in the Presentence Investigation Report. Once the

district court finished its questioning, both parties were allowed to question the witness.

We find no error here.

## 2.

Wing further argues that the district court erred in applying a two-level enhancement for obstruction of justice. "We review the district court's interpretation of the Sentencing Guidelines *de novo*, the district court's application of the Guidelines to the facts for abuse of discretion, and the district court's factual findings for clear error." *United States v. Garro*, 517 F.3d 1163, 1167 (9th Cir. 2008) (citing *United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006)). A review of the record reveals both factual and legal support under Application Note 1 to U.S.S.G. § 3C1.1 for the obstruction of justice enhancement.

## 3.

Finally, Wing is correct that the district court erred in applying a two-level enhancement untethered to any provision in the United States Sentencing Guidelines Manual. Although the guidelines are advisory, an incorrect guideline calculation requires remand for resentencing even if the sentence imposed is substantively reasonable. *Carty*, 520 F.3d at 993.

Here, the district court correctly calculated an offense level of 22 before it added 2 more levels without citing a particular guideline provision. An enhancement to the defendant's guideline range must be tied to a particular provision. A variance to the defendant's guideline range is justified under the § 3553(a) factors. Under the precedent of this Court, procedural error cannot be ignored.

Therefore, because of this error, we vacate the sentence and remand for resentencing.

**REVERSED AND REMANDED.**