**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50361 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-02267-DMS |
| v. | |
| JESSICA MICHELLE ALFARO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted September 13, 2010[**]

Before:     SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Jessica Michelle Alfaro appeals from the 21-month sentence imposed following her guilty-plea conviction for importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Alfaro contends the district court procedurally erred by misconstruing the acceptance of responsibility guideline. In particular, she contends the district court erred by adopting the probation officer's erroneous conclusion that Alfaro did not qualify for a downward adjustment for acceptance of responsibility because she had been arrested while on bond for check fraud. This contention fails because the district court did not rely on Alfaro's arrest to deny acceptance of responsibility.

Alfaro further contends the district court procedurally erred by 1) sentencing her based on a clearly erroneous finding that she attempted to abscond; 2) violating Rule 32 of the Federal Rules of Criminal Procedure by both sustaining her objection to the probation officer's account of her arrest while on bond and using that analysis to increase her sentence; and 3) failing to adequately explain the sentence imposed. These contentions are not supported by the record.

Finally, Alfaro contends her sentence is substantively unreasonable. The sentence imposed is substantively reasonable under the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

**AFFIRMED.**