**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 18 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10508 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00208-SBA-1 |
| v. | |
| JOSE CALVILLO-ALVARADO, AKA Jose Alvarado, AKA Saul Alvarado, AKA Saul Israel Alvarado, AKA Israel Alvarado-Calvillo, AKA Israel Calvillo, AKA Israel A. Calvillo, AKA Jose Calvillo, AKA Israel Carrilo Alvarado, AKA Efrain Rendon, AKA Carlos Sanchez Alvarado, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Argued and Submitted November 1, 2010
San Francisco, California

Before: NOONAN, PAEZ, and BEA, Circuit Judges.

---

 * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Jose Calvillo-Alvarado appeals his sentence of 70 months' imprisonment, imposed for his conviction of illegal reentry after deportation in violation of 8 U.S.C. § 1326. Calvillo contends the district court erred because it considered itself without discretion to deviate from the United States Sentencing Guidelines. Calvillo further contends the district court failed to consider whether the sentence was "sufficient, but no greater than necessary" under the sentencing factors listed in 18 U.S.C. § 3553(a). Finally, Calvillo contends his sentence is substantively unreasonable.[1] We have jurisdiction under 28 U.S.C. § 1291. We affirm.

This court reviews federal sentences under an abuse of discretion standard. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). Applying that standard, we will overturn a sentence only if the district court's application of facts to the correct legal standard was "illogical, implausible, or without support in inferences that may be drawn from the record." *United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc).

The record does not show that the district court believed it was without discretion to deviate from the Guidelines. In fact, the district court invited argument as to whether it should apply the Guidelines' 16-point sentencing

_____

[1] Because the parties are familiar with the facts of the case, we will repeat them here only to the extent necessary to explain our decision.

enhancement to Calvillo's 9-year-old conviction for attempted robbery, and conducted a lengthy discussion regarding the enhancement's applicability to Calvillo's case. Moreover, the district court relied on a pre-sentence report which stated explicitly that the Guidelines are advisory. Furthermore, when the district court issued its sentence, it mentioned *United States v. Booker*, 543 U.S. 220 (2005), which holds that the Guidelines are advisory. Thus, there is sufficient evidence in the record to conclude the district court did not consider itself without discretion to deviate from the Guidelines.

Nor does the record show that the district court failed to consider the § 3553(a) factors. "The district court need not tick off each of the § 3553(a) factors to show that it has considered them." *United States v. Carty*, 520 F.3d at 992 (9th Cir. 2008). Prior to announcing its sentence, the district court conducted an extensive discussion as to whether Calvillo's nine-year-old conviction for attempted robbery was "stale" for the purposes of his sentence. The district court discussed Calvillo's previous conviction and Calvillo's subsequent behavior, and announced the reasons it considered the nine-year-old conviction and the sentencing enhancement applicable in Calvillo's case. The district court also invited defense counsel to discuss the staleness of Calvillo's conviction as mitigation under § 3553(a). It is thus clear from the record that the district court

considered the age of Calvillo's prior conviction as part of the "history and characteristics of the defendant" under § 3553(a)(1).  Because a district court need not tick off each § 3553(a) factor, the district court here was certainly not required to *repeat* its on-the-record discussion in relation to the § 3553(a) factors.

Calvillo's sentence was not substantively unreasonable.  Calvillo had a long history of criminal activity and of illegal re-entry into the country after deportation.  Moreover, Calvillo had been sentenced to 30 months imprisonment for illegal entry into the country in 2003, which was apparently not sufficient to deter him from reentering the country.  Thus, the district court did not abuse its discretion when it imposed a 70-month within-Guidelines sentence.

**AFFIRMED.**