**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SANTIAGO CASTILLO-ARVIZU,

Defendant - Appellant.

No. 10-30200

D.C. No. 6:93-cr-60022-HO-3

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Submitted April 5, 2011 [**]

Before:     B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Santiago Castillo-Arvizu appeals from the 36-month sentence imposed upon

revocation of supervised release.  We have jurisdiction under 28 U.S.C. § 1291,

and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Castillo-Arvizu contends that his sentence is substantively unreasonable because he had already been sentenced to a term of 70 months for conduct that triggered the revocation of his supervised release. However, the within-Guideline sentence was not unreasonable. *See United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc). The district court had discretion to impose a consecutive term for the revocation of supervised release to any sentence of imprisonment. *See* U.S.S.G. § 7B1.3(f) (policy statement); *see also United States v. Simtob*, 485 F.3d 1058, 1063 (9th Cir. 2007) (where defendant violates supervised release by committing same offense for which he was placed on supervised release, "greater sanctions may be required to deter future criminal activity").

**AFFIRMED.**