**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50243 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00586-ODW-1 |
| v. | |
| CHRISTIAN HERNANDEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Argued and Submitted February 13, 2013
Pasadena, California

Before: BERZON and WATFORD, Circuit Judges, and CARR, Senior District
Judge.[**]

**1.** Hernandez challenges the district court's imposition of the two-level

sentencing enhancement that applies "[i]f the defendant was a parent, relative, or

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable James G. Carr, Senior District Judge for the U.S.
District Court for the Northern District of Ohio, sitting by designation.

legal guardian of the minor involved in the offense, or if the minor was otherwise in the custody, care, or supervisory control of the defendant." U.S.S.G. § 2G2.1(b)(5). The district court did not abuse its discretion in applying this enhancement. The Sentencing Commission explains that this enhancement "is intended to have broad application and includes offenses involving a minor entrusted to the defendant, whether temporarily or permanently." *Id.* § 2G2.1 cmt. n.3(A). At sentencing, the district court heard evidence that Hernandez and the victim's aunt lived together, that the victim often visited them, and that the victim was sometimes left alone with Hernandez while her aunt ran errands.

**2.** Hernandez raises numerous challenges to the procedural and substantive reasonableness of his prison sentence, none of which have merit. The district court adhered to the sentencing procedures that we laid out in *United States v. Carty*, 520 F.3d 984, 991–92 (9th Cir. 2008) (en banc). The court first correctly calculated the applicable Guidelines range, gave both parties a chance to argue for the sentence they thought appropriate, considered the 18 U.S.C. § 3553(a) factors, and explained its reasons for the selected sentence. Contrary to Hernandez's contentions, the district court did not rely on clearly erroneous facts at sentencing; did not excessively rely on any one § 3553(a) factor; did not abuse its discretion in denying Hernandez's request for a voluntary disclosure downward departure under

U.S.S.G. § 5K2.16; did not fail to consider unwarranted sentencing disparities; and did not unreasonably apply sentencing enhancements. As "we see nothing unusual about [Hernandez's] circumstances to compel a lower sentence than the low-end of the Guidelines range," Hernandez's low-end Guidelines sentence is also not substantively unreasonable, whether or not it is the sentence we would have chosen. *Carty*, 520 F.3d at 996.

**3.** Hernandez contends that the residency restriction imposed as Condition No. 15 of his lifetime term of supervised release is unreasonable and overbroad. Because Hernandez did not object at sentencing to Condition No. 15, we review the condition for plain error. *See United States v. Blinkinsop*, 606 F.3d 1110, 1118 (9th Cir. 2010). "A district judge need not state at sentencing the reasons for imposing each condition of supervised release," but only if those reasons are "apparent from the record." *Id.* at 1119 (emphasis omitted). Here, the district court plainly committed procedural error in imposing Condition No. 15, as it did not state its reasons for imposing that condition, and they are not apparent from the record.[1]

---

[1] Because we hold that the district court committed procedural error in imposing Condition No. 15, we do not reach the question of the substantive reasonableness of such a residency restriction.

District courts may impose a supervised release condition only if it meets two criteria: First, the condition must be "reasonably related to the goal of deterrence, protection of the public, or rehabilitation of the offender"; and second, it must "involve no greater deprivation of liberty than is reasonably necessary for the purposes of supervised release." *United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008) (internal quotation marks omitted). Here, the problem arises at the second criterion. It is apparent from the record that Condition No. 15, which seeks to minimize Hernandez's access to children, is "reasonably related to the goal of . . . protection of the public," but it is not apparent why it "involve[s] no greater deprivation of liberty than is reasonably necessary" to achieve that goal. *Id.*

In particular, when imposing a residency restriction such as this one, the district court must explain, if the explanation is not apparent from the record, "how the chosen distance furthers the purpose of [the defendant]'s supervised release" and why the chosen distance, as opposed to any other distance, is sufficient but no greater than necessary. *United States v. Rudd*, 662 F.3d 1257, 1263 (9th Cir. 2011); *see also United States v. Collins*, 684 F.3d 873, 890–92 (9th Cir. 2012). This explanation must be "tailored to the nature and circumstances of [the defendant]'s offense and his specific character and history." *Rudd*, 662 F.3d at 1263. In the absence of such an explanation, the choice of distance "appears arbitrary." *Id.*

4

Here, the district court did not provide any explanation for the residency restriction, much less for the particular distance chosen of 2,000 feet, and its reasons for selecting that distance are not apparent from the record. The Probation Office recommended the restriction, but did not explain why; it offered only the generic rationale that "sex offender conditions, including treatment and restriction of access to minors, are recommended given the instant offense involving sexual contact with a child." This rationale addresses only the need for some restriction; it does not address why the particular restriction imposed is warranted or why it is no more restrictive than necessary.

We, therefore, vacate Condition No. 15 and remand to the district court for reconsideration after consideration of any submissions by the parties. If the district court reimposes the condition (or a modified version thereof), it should provide an explanation of why the terms of the condition — including the distance chosen, the specified list of institutions, and whether or not the Probation Officer has discretion to modify those terms — are both sufficient and "involve no greater deprivation of liberty than is reasonably necessary" to protect the public in light of Hernandez's offense, character, and history. *Daniels*, 541 F.3d at 924; *see Rudd*, 662 F.3d at 1263.

5

**4.** Hernandez contends that the district court erred in calculating the amount of restitution. He did not challenge the amount at sentencing, so we review the restitution amount for plain error. *See United States v. Bright*, 353 F.3d 1114, 1120 (9th Cir. 2004). In a letter brief to this court and again at oral argument, the government conceded that the restitution amount that it proposed to the district court, and which the district court adopted, was calculated erroneously. We therefore vacate Hernandez's restitution order and remand to the district court for recalculation of the restitution amount. On remand, the district court should impose restitution in the amount of the victim's past counseling expenses plus only those future counseling expenses that it can estimate "with reasonable certainty." *United States v. Laney*, 189 F.3d 954, 966 n.14 (9th Cir. 1999).

**AFFIRMED IN PART, VACATED IN PART, and REMANDED.**