
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10528 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-01594-DCB-BPV-1 |
| v. | |
| JOSE JAVIER REINA-VALENZUELA, | MEMORANDUM* |
| Defendant - Appellant. | |


Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted August 16, 2013**
San Francisco, California

Before: REINHARDT, NOONAN, and HURWITZ, Circuit Judges.


Jose Reina-Valenzuela appeals the sentence imposed following his guilty plea

to possession of methamphetamine with intent to distribute, in violation of 21 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§§ 841(a)(1) and (b)(1)(A)(viii), and importation of methamphetamine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(1)(H).  We have jurisdiction under 28 U.S.C. § 1291.

Because the district court was apparently under the mistaken impression that Reina had transported 9.88 kilograms of methamphetamine rather than 5.807 kilograms, and because the district court relied upon the quantity of methamphetamine transported in imposing the sentence, we find procedural error.  *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008).  Accordingly, we vacate Reina's sentence and remand for resentencing.  When reconsidering the request for a minor role reduction, the district court should take into account the error regarding the quantity of drugs.[1]  In light of this disposition, we do not reach the other issues raised by Reina about his sentence.

**VACATED AND REMANDED.**

---

[1]  Because the district court found Reina eligible for the "safety valve" under 18 U.S.C. § 3553(f), it is not constrained by the mandatory minimum sentence on remand.