FILED

NOT FOR PUBLICATION

NOV 27 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JULIAN MONDRAGON-HERNANDEZ,

Defendant - Appellant.

No. 12-50279

D.C. No. 3:10-cr-03173-H-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted November 6, 2013[**]
Pasadena, California

Before: McKEOWN, GOULD, and BYBEE, Circuit Judges.

Julian Mondragon-Hernandez appeals his conviction and sentence for

conspiracy to possess with the intent to distribute cocaine in violation of, 21 U.S.C.

§§ 841(a)(1), 846, conspiracy to affect commerce by robbery or extortion, 18

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1951(a), possession of a firearm in furtherance of a crime of violence or drug trafficking offense, *id.* § 924(c)(1)(A)(i), and possession of a firearm by an illegal alien. *Id.* §§ 922(g)(5)(A), 924(a)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Mondragon-Hernandez argues that the district court erred by failing to address his pre-trial motion to suppress. Mondragon-Hernandez concedes that this argument is reviewed for plain error because he did not raise it in the district court. *See Johnson v. United States*, 520 U.S. 461, 464 (1997). The district court did not commit plain error because Mondragon-Hernandez did not move to suppress his statements; rather, Mondragon-Hernandez joined in one of his co-defendant's motions to suppress, which sought to suppress the statements of the co-defendant, not any of Mondragon-Hernandez's statements. Additionally, Mondragon-Hernandez waived his argument by assuring the district court that all pretrial issues had been resolved. *See United States v. Wright*, 215 F.3d 1020, 1026 (9th Cir. 2000).

Mondragon-Hernandez next contends that he did not receive a trial within seventy days of arraignment, as required by the Speedy Trial Act, 18 U.S.C. § 3161(c)(1). Because Mondragon-Hernandez did not raise this claim prior to trial in the district court, it is waived. 18 U.S.C. § 3162(a)(2).

Mondragon-Hernandez's third argument is that the district court incorrectly denied his motion for a finding of sentencing entrapment. Specifically, he maintains that the government's conduct during the reverse sting operation was so outrageous that he is entitled to a lesser sentence. We review the district court's decision to reject a sentencing entrapment argument for abuse of discretion, *United States v. Yuman-Hernandez*, 712 F.3d 471, 473 (9th Cir. 2013), keeping in mind the risk of law enforcement inflating the amount of fictitious drugs in a stash house sting to obtain higher mandatory sentences. *United States v. Briggs*, 623 F.3d 724, 729-30 (9th Cir. 2010).

To establish sentencing entrapment in a stash house case, the defendant must prove, by a preponderance of the evidence, that he either lacked the intent *or* lacked the capability to "conspire with others to take the amount of cocaine involved by force." *Yuman-Hernandez*, 712 F.3d at 473-75. Mondragon-Hernandez does not meet his burden of proof because video and audio evidence showed that he enthusiastically assisted with the plan to rob the fictitious cocaine stash house without further inducement from the government. *See Black v. United States*, 733 F.3d 294, 311 (9th Cir. 2013) ("[I]n this case, the existence of tape and video recordings to prove what was actually said and done has weighed heavily in our review of the record."). Furthermore, Mondragon-Hernandez was capable of

3

conspiring to obtain thirty kilograms of cocaine. His theory of defense was that he did not want *any* cocaine, not some lesser amount of cocaine, and the jury rejected this defense. Thus, the district court did not abuse its discretion by denying the motion for sentencing entrapment.

Finally, Mondragon-Hernandez argues that his sentence was disparately longer than his co-conspirators. The district court properly considered Mondragon-Hernandez's role in the underlying offenses, his aggravating and mitigating circumstances, and all of the 18 U.S.C. § 3553(a) factors, including § 3553(a)(6). *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008). Furthermore, Mondragon-Hernandez had a higher criminal history score than his co-conspirators, and § 3553(a)(6) articulates "the need to avoid unwarranted sentence disparities among defendants with *similar records* who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6) (emphasis added). Accordingly, the district court did not abuse its discretion by giving Mondragon-Hernandez a longer sentence than his co-conspirators.

**AFFIRMED**.