**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50114 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-03972-BEN-1 |
| v. | |
| SEAN PALMESE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted April 10, 2014[**]
Pasadena, California

Before: FARRIS and HURWITZ, Circuit Judges, and FRIEDMAN, Senior District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Paul L. Friedman, Senior District Judge for the U.S. District Court for the District of Columbia, sitting by designation.

The Defendant, Sean Palmese, pled guilty to conspiracy to transport firearms interstate, unlicensed interstate transportation of firearms, and criminal forfeiture, in violation of 18 U.S.C. §§ 371, 922(a)(3), 924(a)(1)(D), and 28 U.S.C. § 2461(c). Palmese was sentenced to 41 months incarceration and three years of supervised release. Palmese now challenges his sentence as procedurally erroneous and substantively unreasonable. We review the district court's sentencing decisions for abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Palmese first assertsthat the district court erred by not adopting the Government's recommendation for a four-point downward departure. The district judge, however, is only required to give substantial weight to the Government's "evaluation" of the Defendant's assistance, and not to the recommended departure level itself (as Palmese asserts). U.S.S.G. § 5K1.1 cmt. 3. Here, the district judge incorporated the Government's assessments of Palmese's assistance, but simply disagreed as to what that evaluation meant for the resulting departure; he was within his discretion in choosing a one-point reduction.

It is procedural error for a district court to base its guidelines calculation or its sentence on clearly erroneous facts. *Carty*, 520 F.3d at 993. The district judge's comment about the fate of the trafficked weapons, however, was factually correct:

2

the illegally trafficked weapons were also illegally possessed, and the court did not speculate that any further criminal activity was inevitable. Further, the record reflects that any reference to a mistaken number of weapons by the district judge was corrected by defense counsel and the court accepted the correction. The district court did not base its sentence on any distinction between "distribution" and "transportation." Palmese places import on these words that the judge did not. Any off-hand comment made by the judge regarding the economic motivations of illegal immigrants did not constitute a factual finding upon which the sentence was based.

Palmese was not denied an individualized sentencing. The requirement that sentencing be "individualized" is nothing more than a restatement of the requirement that the sentencing judge consider the § 3553(a) factors. *See Gall v. United States*, 552 U.S. 38, 49-50 (2007) ("The Guidelines are not the only consideration…. The district judge should then consider all of the § 3553(a) factors…. He must make an *individualized assessment* based on the facts presented.") (emphasis added). That the district court took note of contemporary firearm violence did not make  Palmese's sentencing non-individualized. Considerations of the larger climate of crime will naturally play into any sentencing judge's assessments of dangerousness and culpability in individual

cases, and the district judge rightly noted that two of the § 3553(a) factors—deterrence and protection of the public—are informed by the more general events that take place in society.

Finally, Palmese's sentence was substantively reasonable. When assessing substantive reasonableness, the reviewing court looks to the totality of the circumstances. *Carty*, 520 F.3d at 993. Palmese was convicted of an offense that involved a dangerous conspiracy to traffic firearms to those who would otherwise be unable to legally obtain them. Some of these weapons were actually used in further criminal activities or recovered in the possession of felons. The district court correctly considered the strong need to protect the public and provide deterrence against this conduct. Its 41 month sentence was well within the Guidelines parameters.

**AFFIRMED**.