**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>JENNIFER MARTIN DEL CAMPO,<br><br>Defendant-Appellant. | No. 16-50071<br><br>D.C. No. 3:15-cr-02299-H<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted April 11, 2017[**]

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Jennifer Martin Del Campo appeals from the district court's judgment and challenges the 24-month sentence imposed following her guilty-plea conviction for importation of heroin, in violation of 21 U.S.C. §§ 952, 960. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Martin Del Campo first contends that the district court failed to calculate the Guideline range correctly because it bypassed the issue of whether she was entitled to a minor role adjustment, and instead considered the minor role factors in its variance analysis. The record belies this argument. The court denied a minor role adjustment based on the facts of Martin Del Campo's case. The court's subsequent consideration of some of the facts asserted in support of the minor role adjustment to grant downward departures totaling six levels was not improper. *See,* e.g., *United States v. Ramos-Medina*, 706 F.3d 932, 941 (9th Cir. 2013) ("[A] court may consider acceptance of responsibility separately in imposing a sentence, even if the court determined that the defendant did not qualify for a formal adjustment on those grounds under the Guidelines.").

Martin Del Campo next contends that the court's minor role analysis was flawed because the court did not compare her to her co-participants in the offense and did not consider the five factors enumerated in the commentary to the minor role Guideline. We review the district court's interpretation of the Guidelines de novo. *See United States v. Quintero-Leyva*, 823 F.3d 519, 522 (9th Cir. 2016). The record reflects that the district court considered Martin Del Campo's arguments, applied the correct legal standard, and determined that Martin Del Campo had failed to meet her burden of demonstrating that she was substantially

16-50071

less culpable than the average participant in the offense. *See* U.S.S.G. § 3B1.2 cmt. n.3(A), (C); *see also United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) (adequate explanation may be inferred from the record as a whole). The district court was not required to "tick off" the relevant factors, *see Carty*, 520 F.3d at 992, nor was it required to weight the factors in a particular manner, *see Quintero-Leyva*, 823 F.3d at 523.

**AFFIRMED.**