

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10524 |
| Plaintiff-Appellee, | D.C. No. 3:12-cr-08156-GMS-1 |
| v. | |
| KEN JERMAINE FOWLER, AKA Jermaine Kenneth Fowler, AKA Kenneth Jermaine Fowler, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted June 15, 2017
San Francisco, California

Before: THOMAS, Chief Judge, FRIEDLAND, Circuit Judge, and CARNEY,**
District Judge.

Ken Fowler appeals his jury conviction for involuntary manslaughter, in

violation of 18 U.S.C. §§ 1153, 1112, and 3559(f), and Assault Resulting in

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The Honorable Cormac J. Carney, United States District Judge for the
Central District of California, sitting by designation.

Serious Bodily Injury, in violation of 18 U.S.C. §§ 1153, 113(a)(6), and 3559(f). We affirm. Because the parties are familiar with the history of this case, we need not recount it here.

## I

Sufficient evidence supported the jury's verdict. The infant suffered fatal injuries when she was in Fowler's sole care. He admitted shaking the baby. An autopsy revealed the cause of death as blunt force trauma. Although there was conflicting medical testimony, the jury was entitled to credit the Government's witnesses. Viewing this evidence "in the light most favorable to the prosecution," we conclude that a "rational trier of fact could have found the essential elements" of the charged crimes. *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

The district court did not err in denying Fowler's motion for judgment of acquittal. Contrary to Fowler's arguments, assault resulting in serious bodily injury of a child under the age of eighteen is not a lesser included offense to involuntary manslaughter. *See United States v. Dixon*, 509 U.S. 688, 696 (1993). Because the elements of the crimes are different, there was no Double Jeopardy violation. *Id.*

Fowler waived his argument that his indictment was multiplicitous by failing to raise it prior to trial. *See United States v. Klinger*, 128 F.3d 705, 708 (9th Cir. 1997) (citing Fed. R. Crim. P. 12(b)(2), (f)).

## II

The district court did not err in denying the motion to suppress certain statements made by Fowler. Under *Miranda v. Arizona*, a person who "has been taken into custody or otherwise deprived of his freedom of action in any significant way" must be informed in clear terms of his Fifth Amendment rights. 384 U.S. 436, 444, 478–79 (1966). Whether a person is in "custody or otherwise deprived of his freedom of action in any significant way" is determined by the "the totality of facts involved at the time of the alleged restraint." *United States v. Booth*, 669 F.2d 1231, 1235 (1981). Here, there was no *Miranda* violation. Fowler was not in custody. He left to get a drink of water during the first interview after confirming that he was free to leave, and he terminated the second. He was advised he was not under arrest and that he didn't have to talk to the agents if he chose not to do so.

The non-custodial statements were not otherwise rendered involuntary due to alleged coercion. The district court did not clearly err in finding that the FBI agents did not make any threats related to Fowler's family. The agents'

misrepresentations as to the medical evidence implicating Fowler were permissible. *See United States v. Preston*, 751 F.3d 1008, 1027 (9th Cir. 2014).

The district court did not err in denying the suppression motion.

## III

The district court did not abuse its discretion in reading a statement regarding the defense experts' reviewing of certain slides. The district court is afforded "discretion to manage the presentation of evidence and restrict examination based on relevant considerations." *United States v. Larson*, 495 F.3d 1094, 1102 (9th Cir. 2007). Here, the district court properly concluded that the record needed to be corrected after an expert witness gave confusing testimony, and the district court ensured that both parties agreed to the factual accuracy of the statement before reading it to the jury.

## IV

"The decision to grant or deny a requested continuance lies within the broad discretion of the district court, and will not be disturbed on appeal absent clear abuse of that discretion." *United States v. Wills*, 88 F.3d 704, 711 (9th Cir. 1996) (quoting *United States v. Gonzalez–Rincon*, 36 F.3d 859, 865 (9th Cir. 1994)). The district court did not abuse its discretion in denying Fowler's motion to continue sentencing. Fowler's motion was not based on any need to prepare for the

4

sentencing hearing, but was based solely on the desire to "facilitate the investigation, filing and litigation of a new trial motion."

Under Rule 33(b) of the Federal Rules of Criminal Procedure, Fowler has three years from his guilty verdict to file a motion for new trial. The investigation of a possible new trial motion was not a reason to delay sentencing.

V

The district court did not abuse its discretion in sentencing Fowler to 144 months in prison. The district court properly considered the factors in 18 U.S.C. § 3553(a) in determining Fowler's sentence. Moreover, the district court imposed a lesser sentence than that requested by the Government. There was no procedural error in imposing the sentence, and the sentence was not substantively unreasonable. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

**AFFIRMED.**