NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 15 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-50015 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-04079-LAB-1 |
| v. | |
| JOSE LARIOS-AVILA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted August 13, 2019**
Pasadena, California

Before:  CALLAHAN, FISHER,*** and CHRISTEN, Circuit Judges.

Defendant-Appellant Jose Larios-Avila appeals his sentence, following a

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

***        The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

guilty plea, for illegal entry into the United States in violation of 8 U.S.C. § 1325.[1]

We have jurisdiction under 28 U.S.C. § 1291. We affirm.

"We review [Larios-Avila]'s sentencing challenges to the district court's interpretation of the Sentencing Guidelines de novo . . . and to the application of the Sentencing Guidelines for abuse of discretion." *United States v. Lloyd*, 807 F.3d 1128, 1176 (9th Cir. 2015); *see also Gall v. United States*, 552 U.S. 38, 49 (2007).

1.      Larios-Avila argues the district court committed reversible error by using a "reasonableness" standard during sentencing instead of the "sufficient, but not greater than necessary" standard (known as the "parsimony principle") under 18 U.S.C. § 3553(a). In sentencing Larios-Avila, the court took into account his lengthy criminal record, high number of aliases and encounters with immigration officials, and his life history, as well as the guideline range and the parties' recommended sentence. Although the court used the word "reasonable" in reference to determining a guideline range or the sentence to be imposed, "taken in context it is plain that the judge so understood" the parsimony principle for imposing a sentence because the court clearly looked to § 3553(a) factors—which explicitly sets forth the parsimony principle—which it applied the requisite

---

[1]      The facts and procedural history are known to the parties and thus used herein only as necessary to resolve the issues.

sentencing factors. *Rita v. United States*, 551 U.S. 338, 358 (2007) (finding that the judge's use of the word "appropriate" for describing the imposed sentence was "of course, . . . not the legal standard for imposition of sentence, . . . taken in context it is plain that the judge so understood"); *see also United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) (noting that district judges are presumed to know the law). Larios-Avila further argues that the district court's contemplation of a shorter sentence shows that it failed to apply the parsimony principle. But the district court observed that Larios-Avila had not been deterred by previous sentences, and the shorter sentence was to be accompanied by a five-year period of supervision. Read in context, the district court did not fail to apply the parsimony principle.

2.      Larios-Avila argues the district court also committed reversible error by failing to explain its reasons for imposing an 18-month sentence. In determining whether to vary from the 8-to-14-month guideline range and whether to impose the statutory maximum sentence of 24 months, the court considered the § 3553(a) factors and found that the parties' recommended sentence was not "proportionate to the danger [Larios-Avila] poses, [and] the need for deterrence, given that apparently he wasn't deterred by those other sentences." Because "the record makes clear that the sentencing judge considered the evidence and arguments," we agree that the law does not "require[] the judge to write more

extensively." *Rita*, 551 U.S. at 359.

**AFFIRMED.**