**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 28 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

No. 21-30187

Plaintiff-Appellee,

D.C. No. 1:18-cr-02075-SMJ-1

v.

ADAM COLTEN HOWELL,

MEMORANDUM[*]

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Submitted February 15, 2022[**]

Before:     FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Adam Colten Howell appeals from the district court's judgment and

challenges the nine-month sentence imposed upon his second revocation of

supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Howell contends that the sentence is substantively unreasonable in light of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

his housing instability and the allegedly minor nature of his violation, and because he does not pose a threat to the community. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Howell's consistent disregard for his obligation to maintain contact with probation. *See Gall*, 552 U.S. at 51. Moreover, contrary to Howell's contentions, the record reflects that the court considered his arguments and the § 3553(a) factors, *see United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc), and relied only on proper sentencing considerations, *see United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007).

**AFFIRMED.**