**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 25 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>FRANKLIN PAUL ELLER, Jr.,<br><br>Defendant-Appellant. | No.  20-10425<br><br>D.C. No.<br>3:16-cr-08207-DGC-1<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted November 17, 2022
Phoenix, Arizona

Before:  BYBEE, OWENS, and COLLINS, Circuit Judges.

Franklin Eller, Jr. appeals from his jury convictions and sentence for

attempted coercion and enticement of a minor, attempted production of child

pornography, and attempted receipt of child pornography.  We have jurisdiction

pursuant to 28 U.S.C. § 1291.  As the parties are familiar with the facts, we do not

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

recount them here. We affirm.[1]

1.      Eller argues that the district court erred in denying his motion to suppress evidence obtained pursuant to an overbroad warrant. But we need not decide whether the warrant was overbroad because, under the doctrine of severance, the district court did not need to suppress any evidence presented at trial.

The doctrine of severance allows the court to "strike from a warrant those portions that are invalid and preserve those portions that satisfy the Fourth Amendment. Only those articles seized pursuant to the invalid portions need be suppressed." *United States v. Flores*, 802 F.3d 1028, 1045 (9th Cir. 2015) (quoting *United States v. Gomez-Soto*, 723 F.2d 649, 654 (9th Cir. 1984)). Severance therefore requires "identifiable portions of the warrant [to] be sufficiently specific and particular[.]" *United States v. Spilotro*, 800 F.2d 959, 967 (9th Cir. 1986).

*Flores* is instructive on this issue. There, the government searched the entirety of the defendant's Facebook account and seized 11,000 pages of data pursuant to a warrant seeking evidence of conspiracy and importation of a controlled substance. 802 F.3d at 1044-45. Without reaching the issue of overbreadth, we reasoned that "the two sets of Facebook messages introduced at

---

[1] Eller also challenges the sufficiency of the evidence for his attempted coercion and enticement conviction under 18 U.S.C. §§ 2422(b) and 2. We affirm that conviction in a concurrently filed published opinion.

2

trial were sent on the day of Flores's arrest and thus fell well-within even the narrowest of temporal limits." *Id.* at 1045-46. Because "[n]o evidence was introduced at trial that should have been suppressed," we affirmed the district court's denial of the defendant's motion to suppress under the doctrine of severance. *Id.* at 1045.

Similarly, the district court did not need to suppress any evidence introduced at Eller's trial. As Eller concedes, the search warrant affidavit supplied probable cause to justify the search of his Yahoo account from January 1 to May 11, 2012, during which he allegedly received at least three child pornography images. The affidavit also provided a factual basis to justify the search of Eller's Yahoo data *after* May 11, 2012: the affidavit noted that the "seller" accounts with which Eller communicated were still active, which gives rise to a reasonable probability that Eller continued to communicate with such accounts after the specific 2012 communications that Yahoo had identified.

Thus, even if the search warrant was overbroad as to Eller's pre-2012 data, we need not decide the issue because the trial exhibits in dispute are from 2013 to 2014—a period for which the warrant affidavit gave probable cause and is therefore "sufficiently specific and particular" to support severance. *Spilotro*, 800 F.2d at 967; *see also United States v. Cardwell*, 680 F.2d 75, 79 (9th Cir. 1982) ("[I]f properly relied upon to limit the scope of the warrant, [an affidavit can]

3

provide the information needed to limit the general nature of the warrant.");

*Gomez-Soto*, 723 F.2d at 653 (applying severance after finding that a portion of the warrant was sufficiently particularized because the affidavit provided probable cause justifying the seizure). Because we may affirm a denial of a motion to suppress "on any basis supported by the record," *United States v. McClendon*, 713 F.3d 1211, 1218 (9th Cir. 2013), the district court did not err in denying Eller's motion to suppress under the doctrine of severance.[2]

2.     Eller also raises two challenges to his life term of supervised release. First, he argues that the district court erred in imposing a life term of supervised release on procedural grounds by failing to adequately explain the sentence. Because Eller failed to raise this objection at the sentencing hearing, we review for plain error. *United States v. Blinkinsop*, 606 F.3d 1110, 1114 (9th Cir. 2010).

A district court commits procedural error when it fails to adequately explain the sentence selected. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). But here, the district court adequately explained its reasoning for Eller's life term of supervised release. During the sentencing hearing, the district court justified Eller's downward variance to fifteen-years' imprisonment followed by a lifetime of supervised release by explaining the sentence acknowledged the gravity

---

[2] Because we affirm the district court's denial of Eller's motion to suppress, we need not address the government's additional argument that the "good-faith" exception to the exclusionary rule applies.

4

of the offense while ensuring Eller received proper mental health treatment. The district court also considered the § 3553(a) factors when explaining its sentencing decision. *See United States v. Rusnak*, 981 F.3d 697, 711 (9th Cir. 2020) (affirming the district court's decision to vary downwards for the prison sentence and impose a life term of supervised release in part because it had "fully considered the 18 U.S.C. § 3553(a) factors").

Although Eller "requested a specific departure" by seeking a 60-month term of supervised release, he proffered little justification for the reduced term besides his lack of criminal history. *See Carty*, 520 F.3d at 990, 992, 995 (finding that the district court was not required to provide more than a simple explanation for imposing a sentence within the Guidelines even though the defendant requested a departure based on his lack of criminal history, available alternatives, and "his sons' need for [] a role model"). Because the district court was not required to provide more in its reasoning, it did not err, let alone plainly err.

Second, Eller challenges the length of his supervised release as substantively unreasonable. We review the substantive reasonableness of conditions of supervised release for abuse of discretion. *United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008).

We review the substantive reasonableness of a sentencing decision under "the totality of the circumstances." *Carty*, 520 F.3d at 993. When making

sentencing decisions, district courts must consider factors such as "the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," *id.* § 3553(a)(6). Although this court has never recognized a presumption of reasonableness when the sentence "accords with the Commission's view of the appropriate application of § 3553(a) in the mine run of cases," we have recognized that such a sentence is likely reasonable. *Carty*, 520 F.3d at 994 (quoting *Rita v. United States*, 551 U.S. 338, 350-51 (2007)).

Here, Eller's life term of supervised release was substantively reasonable under the totality of the circumstances. The district court properly considered the relevant factors: the nature of the offense, Eller's mental health, the need for the sentence imposed, the range of sentences available, policy considerations, and sentencing disparities between other defendants. *See* 18 U.S.C. § 3553(a). When explaining the sentence, the district court emphasized that "clearly the solution . . . is mental health treatment, . . . not years in custody."

Although the majority of other known defendants charged with the same offense do not face lifetime supervised release, this does not indicate that Eller's sentence was substantively unreasonable. The record suggests that the district court was acutely aware of the risk of sentencing disparities and identified that risk

as "the most influential" factor motivating its sentencing decision. Moreover, Eller is not similarly situated to the other known defendants who did not receive a life term of supervised release. Of the additional completed federal prosecutions resulting from this investigation, nineteen out of the twenty-three supervised release terms imposed were for a fixed term of years (rather than for life), and of those nineteen defendants, eighteen had pleaded guilty to all or some charges. *See United States v. Garro*, 517 F.3d 1163, 1172 (9th Cir. 2008) (finding the defendant "not similarly situated to those with whom he compared himself because they had . . . pled guilty"). The one remaining federal defendant who did not plead guilty was sentenced to 330 years in prison, thereby rendering the length of his supervised release obsolete. And even some defendants who pleaded guilty still received lifetime supervised release. Accordingly, the district court did not abuse its discretion in imposing a life term of supervised release.

**AFFIRMED**.