**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> DANIEL ENCINES-MONTOYA, <br><br> Defendant - Appellant. | No. 24-691 <br><br> D.C. No. 3:23-cr-02169-LAB-1 <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted February 3, 2025**
Pasadena, California

Before: MILLER, LEE, and DESAI, Circuit Judges.

Daniel Encines-Montoya appeals his 26-month custodial sentence following

his guilty-plea conviction for transporting undocumented individuals and aiding and

abetting in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(II). We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291, and we affirm.

Encines-Montoya and his co-defendant were arrested after they attempted to smuggle five undocumented individuals across the border and evade a Border Patrol checkpoint. Encines-Montoya pleaded guilty in a joint deal with his co-defendant. On appeal, Encines-Montoya contends that the district court (1) committed a procedural error, and (2) imposed a substantively unreasonable sentence. We disagree.

1.     The district court did not procedurally err in calculating Encines-Montoya's Sentencing Guidelines range. Because Encines-Montoya raises a procedural sentencing error for the first time on appeal, we review his challenge for plain error. *See United States v. Rangel*, 697 F.3d 795, 800 (9th Cir. 2012).

Encines-Montoya argues that the district court improperly applied enhancements and denied reductions when it calculated the Guidelines range for his sentence. Encines-Montoya acknowledges that the district court at the sentencing hearing stated that it rejected the aggravated role enhancement and applied the zero-point offender deduction. But he claims that the district court's comments were essentially false and intended "to subvert the Guidelines and save the sentence from appeal." Nothing in the record supports that claim.

The district court adequately explained the sentence imposed. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc) (explaining that a court

commits procedural error if it fails to adequately explain the sentence). Under 18 U.S.C. § 3553(a), courts must "impose a sentence sufficient, but not greater than necessary," to accomplish the purposes of sentencing. Contrary to Encines-Montoya's characterization, the district court highlighted several factors present in his case that justified an upward variance, emphasizing the need for a sentence that provides deterrence and promotes respect for the law. The court also explained that the Guidelines range did not adequately account for Encines-Montoya's repeated smuggling, role within the smuggling ring, involvement with the cartel, repeated successful border crossings, and prior high-speed chase with Border Patrol agents.

2.      Encines-Montoya's sentence was not substantively unreasonable. We review a sentence's substantive reasonableness for an abuse of discretion. *See United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009). When examining the substantive reasonableness of a sentence, we consider "the totality of the circumstances, including the degree of variance for a sentence imposed outside the Guidelines range." *Carty*, 520 F.3d at 993. Considering all the defendant-specific aggravating factors and the court's explanation of the sentence, Encines-Montoya's above-Guidelines sentence was not substantively unreasonable. The court did not abuse its discretion when weighing the aggravating and mitigating factors present in this case. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The court emphasized that, given the specific facts of this case, the proposed Guidelines sentence did not promote

respect for the law or provide adequate deterrence as required under § 3553(a). Therefore, the court felt that without an upward variance, the sentence did not "comport[]" with the § 3553(a) factors.

**AFFIRMED.**