**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-7870 |
| Plaintiff - Appellee, | D.C. No. 3:23-cr-10119-RBM-1 |
| v. | |
| TROY CLINTON VAN SICKLE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Ruth Bermudez Montenegro, District Judge, Presiding

Submitted April 22, 2025[**]

Before:    GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Troy Clinton Van Sickle appeals from the district court's judgment and

challenges the sentence of 14 months' imprisonment and 22 months' supervised

release imposed upon the revocation of his supervision. We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Van Sickle contends that the district court procedurally erred by failing to address his mitigating arguments and sufficiently explain its sentencing decision. Because Van Sickle did not raise these claims below, we review for plain error. *See United States v. Christensen*, 732 F.3d 1094, 1101 (9th Cir. 2013).

The district court did not plainly err. The record shows that the court considered Van Sickle's mitigating arguments, but nevertheless determined that a 14-month prison sentence, to be followed by 6 months of home detention at the start of his supervised release term, was appropriate in light of his "complete disregard" for the conditions of his supervised release and his breach of the court's trust. Even treating the sentence as above-Guidelines, as Van Sickle urges, this explanation was sufficient. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

Van Sickle also asserts that his sentence is substantively unreasonable. He has not shown, however, that the district court abused its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). In light of the applicable sentencing factors and the totality of the circumstances, the sentence is substantively reasonable. *See* 18 U.S.C. § 3583(e); *Gall*, 552 U.S. at 51.

Finally, the record reflects that the Bureau of Prisons credited Van Sickle with the time he served prior to sentencing.

**AFFIRMED.**

24-7870